Abraham N. Geller, J.
The letter of defendant’s attorneys dated January 5, 1965 is treated ¡as an application for reargument and the letter of plaintiff’s attorney dated January 14, 1965 as the response thereto. The court adheres to its determination.
The question as to whether a wife shows probability of success in obtaining a matrimonial decree in her favor is no longer the criterion for awarding or denying temporary alimony. That clearly appears from the provision in section 236 of the Domestic Relations Law, in effect September 1, 1963, which deals with alimony, temporary or permanent, that a direction therefor in order or judgment may in the court’s discretion be made “ notwithstanding that the court refuses to grant the relief requested by the wife (1) by reason of a finding by the court that a divorce, annulment or judgment declaring the marriage a nullity had previously been granted to the husband in an action in which jurisdiction over the person of the wife was not obtained, or (2) by reason of the misconduct of the wife, unless such misconduct would itself constitute grounds for separation or divorce, or (3) by reason of a failure of proof of the grounds of the wife’s action or counterclaim.”
Thus, even if plaintiff wife’s papers do not show probability of success, ¡as by failing to present adequate proof of the grounds of her action or counterclaim, and even if she may be charged with misconduct but short of a showing of such misconduct as would constitute grounds for a separation and divorce against her, the court may still in its discretion award alimony as justice requires, 11 having regard to the circumstances of the case and of the respective parties.” Where misconduct on the wife’s part is claimed in the husband’s opposing papers, the question to be passed on is whether he shows probability of success in establishing by a fair preponderance of the evidence that she has been guilty of such misconduct as would constitute grounds for a separation or divorce in his favor, whether or not he requests such relief.
Defendant’s showing on this motion failed to establish the probability of his success in meeting that burden of proof. Plaintiff was entitled, in the court’s discretion, to the award made, which in any event would have to include support for the child.
The court has signed the order herein, providing for visitation rights pending the trial.