■ LEE FRANK, Respondent, v. ARTHUR FRANK, Appellant.— In an action by a wife for a separation, on the grounds of cruel and inhuman treatment and nonsupport, the husband appeals from an order of the Supreme Court, Kings County, entered June 6, 1966, which granted the wife's motion for temporary alimony and support of the two minor children of the parties. Order modified by (1) reducing the amount of the weekly payments directed to be made for alimony and support from $75 to $65; and (2) directing that plaintiff, and not defendant, shall collect and receive the rent from the rented apartment

and shall pay all carrying charges on the home, as defined in the third ordering paragraph. As so modified, order affirmed, without costs. Assuming, *arguendo*, that plaintiff has failed to show sufficient probability of success in the action, this is not in and of itself sufficient reason to have required a denial of her motion. The court has " discretionary power to grant an allowance to a wife for support and maintenance, notwithstanding failure of proof of the wife's cause of action for separation " (*Insetta* v. *Insetta*, 20 A D 2d 544). The court should look to " the circumstances of the case and of the respective parties " (Domestic Relations Law, § 236; *Brownstein* v. *Brownstein*, 25 A D 2d 205; *Insetta* v. *Insetta*, *supra*). However, on this record, it is our opinion that the aggregate award for support of plaintiff and the children of the parties and for maintenance of the house, as granted by Special Term, was excessive. The award, as modified here, based as it is on conflicting affidavits, " should have no effect upon the Trial Judge in his determination as to whether permanent alimony should be awarded and the amount thereof, if awarded " (*Dubin* v. *Dubin*, 14 A D 2d 923). Under the circumstances, the interests of the parties and of their children would best be served by a speedy trial. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.