■ SUSAN NOBEL, Respondent-Appellant, v MILTON NOBEL, Appellant-Respondent.—Order, Supreme Court, New York County, entered July 16, 1975 unanimously modified, on the law and the facts, to strike that part of the order granting temporary alimony and to further strike that part of the order directing defendant to pay $535 for each of the two infant children of the parties—such sum representing the cost and expenses of summer camp for the children for the year 1975—and to substitute in lieu thereof, a provision that defendant is responsible for one half of the total cost and expenses of sending the two infant children to camp for 1975 and as so modified the order is affirmed, without costs or disbursements. The defendant herein, in opposition to plaintiff's application for temporary alimony and other relief, has come forth with specific allegations accusing plaintiff of adultery. And those allegations were supported by a separate affidavit from the defendant's sister. Nevertheless, plaintiff failed to personally deny those allegations and indeed in her reply papers stated that such were "quite beside the point." It is clear that a wife who is guilty of adultery is not entitled to support *(Math v Math,* 39 AD2d 583, affd 31 NY2d 693; *Recht v*

*Recht,* 36 AD2d 939). And while temporary alimony may be granted even where the wife fails to show probability of success *(Frank v Frank,* 26 AD2d 837, 838) where there is a sufficient showing that the wife may be guilty of "misconduct [which] would itself constitute grounds for separation or divorce" (Domestic Relations Law, § 236), temporary alimony may not be granted *(Beanland v Beanland,* 54 Misc 2d 1010; *Cipriani v Cipriani,* 45 Misc 2d 500). Since on this record defendant has shown a "probability of success in establishing by a fair preponderance of the evidence that [plaintiff] has been guilty of such misconduct as would constitute grounds for a separation or divorce in his favor" *(Cipriani v Cipriani, supra,* p 501), it was therefore improper to grant any temporary alimony award. Moreover, under the circumstances of this case, particularly considering plaintiff's demonstrated earning ability, temporary alimony is unnecessary. We further believe that it was improper to direct defendant to bear the entire cost of summer camp for the parties' two children and have modified to provide that the parties, in effect, should share equally such costs. Concur—Stevens, P. J., Markewich, Tilzer, Capozzoli and Lane, JJ.