■ ILENE SILVER, Respondent, v RICHARD SILVER, Appellant.—Motion by defendant-appellant for reargument or resettlement of our order entered March 3, 1977, granted to the extent herein set forth, without costs and without disbursements. That order modified Special Term's award of alimony *pendente lite* "retroactive to the date of the order appealed from." Having found the award "excessive to the extent indicated," we intended our reduction to be effective as of the date the excessive alimony started, i.e., the date to which it was made retroactive by the penultimate decretal paragraph of the order appealed from. By inadvertence, because of the multiplicity of orders connected with the subject, this was not accomplished. That will be done by the order to be entered upon the following republished decision. Resettled order, Supreme Court, New York County, entered September 20, 1976, which granted reargument and, on reargument, adhered substantially to the order entered August 12, 1976, modified, in the exercise of discretion, to the extent of reducing temporary alimony to $250 per week, retroactive to February 5, 1976, and otherwise affirmed, without costs and without disbursements. Appeal from order of the same court entered August 12, 1976 unanimously dismissed as academic, without costs and without disbursements. We regard the award of temporary alimony at Special Term as excessive to the extent indicated. At this juncture, an informed judgment cannot be made as to final figures on the basis of submitted papers. The serious question concerning the standard of living of the parties, their needs, and their resources may be resolved only at a trial, which should take place as soon as possible. (See *Bleiman v Bleiman*, 272 App Div 760.) Concur—Silverman, Capozzoli, Lane and Markewich, JJ.; Murphy, J. P., dissents in part as follows: In her affidavit submitted in support of this application for temporary alimony and child support, the plaintiff charged the defendant with adultery. The defendant, in his various affidavits, never specifically denied plaintiff's allegations with regard to his alleged adultery. However, the defendant countered by asserting that the plaintiff herself was guilty of adultery. She never denied defendant's accusation with regard to her own adultery. Where there is a sufficient showing that a wife may be guilty of misconduct that would itself constitute grounds for separation or divorce, temporary alimony may not be granted. In failing to deny the defendant's averments with regard to her adulterous misconduct, the plaintiff has, in effect, admitted it. Under these circumstances, it was improper for the lower court to award temporary alimony to the plaintiff *(Nobel v Nobel,* 49 AD2d 850). While the plaintiff may also be entitled to a divorce based upon the defendant's adulterous activity, the fact remains that she must be denied temporary alimony because of her own undisputed misconduct. *(John W. S. v Jeanne F. S.,* 48 AD2d 30.) [See 56 AD2d 746.]