■ VALERIE PICA, Respondent, v JOHN PICA, Appellant.—In a matrimonial action, defendant appeals from an order of the Supreme Court, Westchester County, dated December 7, 1978, which, *inter alia,* for purposes of determining plaintiff's entitlement to temporary alimony, granted her motion to suppress the contents of two telephone conversations recorded by the defendant on the telephone in the marital residence. Order affirmed, without costs or disbursements. The defendant husband recorded two conversations involving his wife in the marital residence. He now seeks to have tapes of those conversations considered by the court in opposition to the plaintiff wife's motion for temporary alimony. Plaintiff has moved to suppress the contents of those conversations (see CPLR 4506, subd 3). The first conversation was between plaintiff and a male not her husband. It was recorded by defendant without the consent of either party. Therefore, it is violative of

section 250.05 of the Penal Law and must be suppressed (see CPLR 4506), even though the eavesdropper was the subscriber to the telephone line involved. In this regard, we note that the 1950 decision of *People v Appelbaum* (277 App Div 43, affd 301 NY 738) was overruled by subsequent amendments to the eavesdropping statute that existed at the time of that decision (see L 1957, ch 881, as amd by L 1958, ch 675; *Connin v Connin,* 89 Misc 2d 548). The second conversation was between plaintiff and defendant. The obvious consent of the latter to the recording removes it from the coverage of CPLR 4506. However, there still exists the possibility that the contents of the conversation constitute a privileged, interspousal communication. (See CPLR 4502.) We agree with Special Term that resolution of this last issue should be made at the time of trial when a hearing of the tape will be determinative. It is not the purpose of a motion for temporary alimony to receive detailed evidence on the merits of the plenary divorce case. A showing by the wife of a reasonable probability of success in the action is no longer required before awarding temporary alimony. *(Frank v Frank,* 26 AD2d 837, 838.) It is enough for the wife to present pleadings and affidavits from which it may be inferred that she has a substantial cause of action or a substantial defense to the cause of action alleged against her. (See *Smith v Smith,* 11 AD2d 596.) In the case at bar, defendant expects the tapes to prove his counterclaim for a divorce based on adultery. It is true that upon a sufficient showing that the wife may be guilty of "misconduct [which] would itself constitute grounds for separation or divorce" (Domestic Realtions Law, § 236), temporary alimony may not be granted *(Beanland v Beanland,* 54 Misc 2d 1010). Plaintiff here has not only denied the adultery but has raised the alternative defense of condonation (cf. *Nobel v Nobel,* 49 AD2d 850). This opposition is sufficient to entitle her to *pendente lite* relief. Finally, appellant urges that *both* tapes should be considered, regardless of their admissibility under the rules of evidence, on the issue of child custody. The well-being of a child is viewed as so important that *all* evidence must be weighed by the trial court. We disagree. Having ruled that only the first conversation is clearly inadmissible at this stage of the action, we confine ourselves to comment upon the future admissibility of that tape on the question of child custody. The clear and unequivocal intent of the Legislature, as expressed in CPLR 4506 (subd 1), is to exclude illegally obtained wiretap evidence "in any trial, hearing or proceeding before any court or grand jury, or before any legislative committee, department, officer, agency, regulatory body, or other authority of the state, or a political subdivision thereof". Such specific language of exclusion, made applicable to legislative committees and administrative bodies that are not bound by strict rules of evidence, evinces a legislative design to totally ban the use of the fruits of illegal wiretaps. Accordingly, the order is affirmed. Lazer, J. P., Gulotta, Cohalan and Margett, JJ., concur.