OPINION OF THE COURT
Oscar Murov, J.
A crucial issue to be decided in this action, and one which appears to be an issue of first impression since the advent of the Equitable Distribution Law in New York (L 1980, ch 281) is what weight is to be given to “marital fault” which brings about the termination of a marriage in considering equitable distribution of marital property, distributive awards and maintenance.
Plaintiff instituted an action for divorce alleging as grounds therefore, defendant’s acts of adultery and constructive abandonment, as well as his cruel and inhuman treatment of plaintiff. Defendant’s answer to the complaint neither admits nor denies the allegation of constructive abandonment. An amended verified complaint was served but no answer has been interposed thereto. Defendant alleges that he has consulted with his attorney who advises that defendant has no legal defense to the allegation of constructive abandonment. Accordingly, he moves for summary judgment granting plaintiff a divorce on said ground, and that all other relief be referred to the Family Court of Suffolk County for determination. Plaintiff opposes this motion contending that she should have her day in court as to all issues raised in the complaint.
*986 The court grants defendant’s motion for summary judgment on the issue of constructive abandonment, but rules that she is, in fact, entitled to her day in court on all issues raised in the complaint. The court further declines to transfer this action to the Family Court for determination of the financial issues incidental to this action.
In making an equitable distribution of marital property, or in making an award of maintenance to a spouse, whether permanent or temporary, the court must take into consideration certain enumerated factors and state its reason for making such awards with said factors in mind. Subdivisions 5 (par d, cl [10]) and 6 (par a, cl [10]) of part B of section 236 of the Domestic Relations Law, pertaining to equitable distribution of marital property, and maintenance, respectively, each state as a factor to be considered, “any other factor which the court shall expressly find to be just and proper.”
With regard to maintenance, the court holds that “marital fault” is a factor to be considered under the so-called “factor 10”. Since this court sits as a court of equity, a party may be denied relief upon his failure to come before it with “clean hands” (see Christian v Christian, 42 NY2d 63; Henderson v Henderson, 63 AD2d 853; Polley v Polley, 62 AD2d 986; Nobel v Nobel, 49 AD2d 850). Furthermore, the decisions of courts in other States where the concept of equitable distribution is in force, have also held that fault that destroyed the marital home is a factor to be considered in making an award of maintenance (Edge v Commissioner of Welfare, 34 Conn S 284; Kingsley v Kingsley, 45 Md App 199; Chalmers v Chalmers, 65 NJ 186; cf. Lynch v Lynch, 5 Mass App 167). Furthermore, the court notes that the Legislature, in enumerating the factors that the court is required to consider in making an award of maintenance, did not ascribe any particular weight to any one factor, and, accordingly, the court holds that in an appropriate situation, taking into consideration the respective financial circumstances of the parties, and being convinced that a spouse will not become a public charge, it may make a determination that a spouse’s marital fault will pre lude her or him from an award of maintenance.
*987 With regard to equitable distribution of the parties, the court holds that marital fault is a factor to be considered, but it will not preclude an award of equitable distribution, the theory being that each party to the marriage is entitled to take with him, that which he contributed to the marriage (see Chalmers v Chalmers, supra).
This action shall continue as a contested matrimonial action with all issues to be aired before this court.