OPINION OF THE COURT
Frank P. DeLuca, J.
This is another in the line of cases instituted after the enactment of the Equitable Distribution Law (L 1980, ch 281) wherein a party to a divorce action moves for summary judgment for divorce in favor of his opponent.
Here, the parties to this marriage have been married for a period of approximately 20 years. Plaintiff seeks a judgment of divorce against defendant alleging several grounds therefor, one of which is the alleged abandonment of plaintiff by defendant. In his verified answer defendant denied the allegations of abandonment, he avers, since said allegation alleged that since the abandonment in question, he had wholly failed to provide for the support and maintenance of plaintiff and the infant issue of the marriage. He now wishes to amend his verified answer to deny only that portion of the allegation of abandonment which alleges that he failed to provide support, and moves for summary judgment in favor of plaintiff on the ground of his abandonment of her.
Since the amendment of CPLR 3212 in 1978, effective January 1,1979, summary judgment is available in matrimonial actions in behalf of either plaintiff or defendant (Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:7, 1981-1982 Pocket Part, p 92). However, the law in New York is well settled that consensual divorces still are not sane *58 tioned by this State unless the parties comply with subdivision (6) of section 170 of the Domestic Relations Law (see, generally, Zett-Edmonds-Schwartz, 11 NY Civ Prac, § 15.01). Accordingly, this court is loathe to establish a precedent, the effect of which could lead to circumvention of section 170 of the Domestic Relations Law, and, in effect, turn New York State into a “no-fault” State, an action which must be accomplished by legislative act and not by judicial interpretation.
The court is also persuaded in this holding by the decisions in Giannola v Giannola (109 Misc 2d 985) and Giannola v Giannola (NYLJ, Nov. 10,1981, p 14, col 4 [Geiler, J.]).
Accordingly, defendant’s answer is deemed amended to the extent requested in this motion, but defendant’s application for summary judgment is denied in all respects.