OPINION OF THE COURT
John S. Lockman, J.
Motion by defendant for an order granting summary judgment in favor of plaintiff as to the first cause of action in the complaint which seeks a judgment of divorce on the grounds of abandonment (Domestic Relations Law, § 170, subd [2]); dismissal of the second through the sixth causes of action (CPLR 3211, subd [a], par 7); severance of all claims for ancillary relief and the entry of a judgment of absolute divorce is denied.
The complaint contains a cause of action for divorce on the grounds of abandonment and then lists as separate causes of action claims for equitable distribution, a determination of title to various items of personalty, an award of exclusive use and occupancy of the marital abode and directions with respect to a certain insurance policy. The defendant does not contest the allegations in support of the action for divorce and, in fact, moves for summary judgment in favor of the plaintiff and the entry of a judgment of absolute divorce. However, defendant would have the court *717 sever the claims for ancillary relief and have that action continue. A judgment may be interlocutory or final. (CPLR 5011, 5016, subd [e].) “A final judgment is a final determination of the rights of the parties * * * An interlocutory judgment, on the other hand, determines some rights in the action but does not finally dispose of the action.” (Matter of Anonymous, 71 Misc 2d 943, 943-944.) Section 236 (part B, subd 5) of the Domestic Relations Law provides, inter alia, “the court * * * shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment.” Since there no longer exists any provision for interlocutory judgments in matrimonial actions (see L 1968, ch 645; NY Legis Ann, 1968, p 30), it is clear that any judgment of divorce must be a final judgment and must include the court’s determination with respect to whether property is separate or marital and how marital property is to be distributed. The court’s decision as to maintenance and child support would also, according to the terms of part B of section 236 of the Domestic Relations Law, have to be included in any final judgment.
The authorities appear consistent in denying applications for a summary “judgment of absolute divorce”, but they disagree on the question whether partial summary judgment (CPLR 3212, subd [e]) should be granted to the extent of resolving the question whether a ground for divorce has been established. (Librizzi v Librizzi, 112 Misc 2d 57; Miller v Miller, NYLJ, Feb. 4, 1982, p 12, col 3.) It should be pointed out that in the context of a matrimonial action section 211 of the Domestic Relations Law must be complied with in addition to CPLR 3212. Thus, it would appear that the minimal court time involved in determining the question whether a ground for divorce exists where the parties do not contest the facts could only be saved by processing motions for partial summary judgment in the same manner as uncontested matrimoniáis in order to insure compliance with section 211 of the Domestic Relations Law. If this were not done, the time saved by granting partial summary judgment would be so slight as to be insignificant. In short, there *718 appears to be nothing to be gained by encouraging motions for partial judgment.
Finally, there is merit to defendant’s claim that what plaintiff has pleaded as causes of action “Second” through “Sixth” are not in fact causes of action but requests for relief. If they are understood as such, there is nothing to be gained from their dismissal and no prejudice to defendant in allowing the complaint to stand as pleaded.