■ THEODORA S. NEMIA, Respondent, v FRANK A. NEMIA, Appellant. — Appeal from that part of an order of the Supreme Court at Special Term (Zeller, J.), entered May 27, 1981 in Broome County, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 4). Although this matrimonial action has an extensive procedural history, it does not bear detailed recounting for the gravamen of defendant husband's argument is that plaintiff wife should not be entitled to avail herself of the advantages of part B of section 236 of the Domestic Relations Law, which provides for equitable distribution of marital property in actions commenced on and after July 19, 1980. Defendant commenced an action for divorce in 1978 in which the wife interposed an answer wherein she denied the charges contained in the complaint, asserted affirmative defenses and sought an alimony award. On the eve of trial, the parties entered into a stipulation of settlement. As part of this settlement, the wife amended her answer to allege a counterclaim for divorce predicated on the husband's claimed cruel and inhuman treatment and she then testified to that effect. When certain terms of the stipulation relating to the exchange of documents were completed, a judgment of divorce on the wife's counterclaim was to be entered. Defendant maintains that since, in his 1978 action, plaintiff counterclaimed for essentially the same relief she seeks here, she is bound by the property distribution law then in effect and thus her divorce action, commenced in January, 1981, cannot properly include relief under the equitable distribution law. While it is true that plaintiff interposed a counterclaim in her husband's action, she subsequently moved for and obtained an order vacating the settlement (apparently because it was, among other things, incomplete, vague and ambiguous) and striking her counterclaim. That motion was made and an order entered thereon prior to July, 1980. Cross appeals having been withdrawn, that order is now beyond review. Of some significance on this appeal is defendant's concession that plaintiff was not motivated to withdraw her counterclaim simply to reap the benefits of the new statute (cf. *Valladares v Valladares*, 80 AD2d 244). Given this circumstance, there is no reason to bar her from asserting equitable distribution rights, for it is incontrovertible that she commenced her action after part B became effective. Had defendant prevailed in his action, the equitable distribution statute would have been unavailable (*Valladares v Valladares, supra*, p 257). However, on June 16, 1981 the jury returned a no cause verdict in that proceeding. Inasmuch as counterclaims are permissive under the CPLR (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3019:2, p 216), nothing prevents plaintiff from instituting her own independent action for divorce in 1981 after part B became effective. Order affirmed, with costs. Sweeney, J. P., Kane, Yesawich, Jr., and Levine, JJ., concur.