OPINION OF THE COURT
Stanley Harwood, J.
Defendant’s motion for partial summary judgment in favor of plaintiff is denied.
The parties to this recently commenced divorce action were married in November, 1962, and have two children, now ages 21 and 14. Defendant, a millionaire, abandoned plaintiff, a housewife, in January, 1981. He has been paying $200 weekly for the support of plaintiff and the parties’ younger child, who resides with plaintiff in the marital home; he also pays the maid’s salary and the bills and expenses on the marital property.
Plaintiff’s action for divorce is grounded on constructive and actual abandonment and she seeks, inter alia, exclusive occupancy of the marital residence, a determination of the parties’ rights under part B of section 236 of the Domestic Relations Law, maintenance and child support. In his answer, defendant admits all the allegations of fault, and requests that plaintiff be awarded a divorce, that the court make an award of joint custody, and a determination of plaintiff’s entitlement to the other relief she requests. *556 No request for temporary relief has been made. Instead, defendant, almost immediately after joinder of issue, made this motion for partial summary judgment of divorce in favor of his wife on the pleaded ground, abandonment, with an attendant request that the “ancillary” issues of custody, child support, maintenance and equitable distribution be severed and tried at some future date. Plaintiff vigorously opposes, asserting that a judgment of divorce without a determination of the financial issues will give defendant an unconscionable advantage and permit him to delay their resolution interminably by resisting discovery. She asserts that defendant is involved in an adulterous relationship which she claims she declined to plead as a ground for divorce because of the children, and which, if defendant is free to remarry, will hopelessly complicate equitable distribution. In reply, defendant asserts that discovery, while not complete, began long before the action was commenced, and submits supporting documentation. He also asserts that his admission of fault entitles “either the plaintiff or the defendant to an immediate divorce”, and that the only purpose of plaintiff’s opposition is to further her desire for delay. He claims plaintiff’s rights to maintenance and equitable distribution will remain unchanged by an immediate legal dissolution of the marriage even if he marries the “hypothetical new wife” and that plaintiff is protected by the laws against fraudulent conveyances from transfer of marital assets to which defendant now has title. Neither party addresses the issues of custody and child support.
Although summary judgment is now permissible in matrimonial actions (CPLR 3212, subds [a], [e]; L 1978, ch 532, eff Jan. 1, 1979), and although some courts have granted that relief (see, e.g., Melendez v Melendez, NYLJ, April 14, 1982, p 12, col 1; Meyer v Meyer, NYLJ, Nov. 13, 1981, p 17, col 2; Kove v Kove, NYLJ, Nov. 5, 1981, p 11, col 1; Reardon v Reardon, NYLJ, July 23, 1981, p 12, col 1), there is no mandatory authority for the proposition that the party who concedes he or she is at fault in the breakup of the emotional and physical relationship is entitled to an end to the legal relationship without first facing and either settling, or submitting to the court for determination, the *557 obligations and rights which spring from both. Although defendant contends that “prejudice” is no ground for denying summary judgment, CPLR 3212 (subd [e]) vests this court with discretion where the judgment sought, as here, is partial (cf. Dalminter, Inc. v Dalmine, S.p.A., 29 AD2d 852, affd 23 NY2d 653), and defendant advances no persuasive argument as to why it should be granted. As noted by Justice Lockman in Wegman v Wegman (112 Misc 2d 716), there is nothing to be gained in terms of judicial economy by encouraging motions for partial judgment, and as indicated by Justice McCaffrey in Miller v Miller (NYLJ, Feb. 4, 1982, p 12, col 3) in all likelihood their proliferation will have the opposite effect. More questions are raised then are answered by partial judgment at the request of the party who concedes fault, thus requiring an inquiry by the court (see Miller v Miller, supra) so as to insure that deferral of the “ancillary” issues does not cause the prejudice that defendant claims is irrelevant. Moreover, defendant’s assertion that the Legislature and the courts recognize that it is morally and socially desirable for society and the parties to end a “dead marriage” (see Christian v Christian, 42 NY2d 63; Gleason v Gleason, 26 NY2d 28), while correct, is inapposite. Defendant is in essence arguing that his admission of fault entitles him to what is tantamount to a “conversion divorce”. He fails to recognize, however, that the seemingly automatic entitlement to end a dead marriage is statutorily permitted only after the “ancillary” issues have been adjudicated by the court in an action for separation or addressed by the parties in a separation agreement. (See Domestic Relations Law, § 170, subds [5], [6]; see, also, Librizzi v Librizzi, 112 Misc 2d 57.) While an admission by a spouse that he or she has given the other grounds for divorce does limit the inquiry necessary on trial of the action (cf. Miller v Miller, supra; Wegman v Wegman, supra; see Domestic Relations Law, § 211), it does not, absent a compelling justification, serve as a basis for delaying resolution of all issues attendant upon the legal dissolution of the marriage. If, as defendant asserts, plaintiff’s sole purpose in opposing is to delay the divorce she also seeks, defendant’s remedy is to proceed as expeditiously as possible with disclosure of his assets, and to *558 utilize all remedies available under CPLR article 31 compelling disclosure of hers.