■ FRANK A. NEMIA, Respondent-Appellant, v THEODORA S. NEMIA, Appellant-Respondent. (Action No. 1.) THEODORA S. NEMIA, Appellant-Respondent, v FRANK A. NEMIA, Respondent-Appellant. (Action No. 2.) — Cross appeals, in Action No. 1, from an order of the Supreme Court at Trial Term (Harlem, J.), entered January 14, 1982 in Broome County, which, *inter alia,* dismissed on the merits plaintiff's cause of action for divorce and awarded alimony and maintenance to defendant. Cross appeals, in Action No. 2, (1) from an order of the Supreme Court at Special Term (Harlem, J.), entered December 31, 1981 in Broome County, which, *inter alia,* granted defendant's motion for summary judgment granting plaintiff a divorce upon the ground of defendant's adultery, dismissed plaintiff's remaining causes of action for divorce, and directed that the remaining ancillary issues be severed for the hearing of proof and determination, and (2) from the judgment entered thereon. In November of 1978, Frank A. Nemia (hereinafter husband) instituted Action No. 1 seeking a divorce from Theodora S. Nemia (hereinafter wife) on the ground of cruel and inhuman treatment and also ancillary relief in the form of possession of the marital residence, custody of the parties' then infant child and determination of the parties' property rights. Thereafter, the divorce claim was tried before a jury in June, 1981, and the husband was nonsuited upon a finding that there was insufficient evidence to support his cause of action. Regarding the ancillary relief at issue, these matters were tried without a jury in August, 1981, and ultimately, in January of 1982, the court issued an order which dismissed the husband's complaint, denied the wife's request for counsel fees, awarded the wife weekly alimony of $200 until March 1, 1982 and monthly alimony and maintenance of $700 thereafter, directed the husband to make all payments due for the mortgage, taxes and insurance on the marital residence of the parties until March 1, 1982, and decreed that the wife should have exclusive possession of said residence until March 1, 1982. From this order both parties

appeal and challenge various aspects of the court's ruling on the contested ancillary matters. Commenced in January, 1981, Action No. 2 was brought by the wife seeking a divorce on the grounds of adultery, abandonment and cruelty, and also a judgment of equitable distribution of the marital assets and ancillary relief in the form of maintenance, exclusive possession of the marital residence and an award of counsel fees. Subsequently, the court ruled that this action would be subject to the new equitable distribution system in New York if the husband was unsuccessful in obtaining a judgment of divorce in Action No. 1, which was a pre-equitable distribution action, and this ruling was sustained by this court (*Nemia v Nemia,* 86 AD2d 954). In June of 1981, the husband moved in Action No. 2 for summary judgment of divorce in favor of the wife based upon his admissions of adultery during the trial of Action No. 1 and in his answer and his affidavit in support of the motion, and he further requested that the wife's remaining causes of action for divorce be dismissed and that the remaining claims for ancillary relief be severed from the divorce action. Special Term, in an order of December 29, 1981, granted the husband's summary judgment motion for a divorce in favor of the wife, dismissed her remaining causes of action for divorce and severed the remaining ancillary issues. The court specifically reserved to the wife the right to submit evidence of the husband's fault, which might have an impact on the equitable distribution issues, upon the trial of the ancillary matters. Both parties filed appeals from this order and from the judgment entered thereon. Considering initially the central question presented on this appeal, we hold that Special Term erred when, over the wife's objection, it granted summary judgment to her on her husband's motion and severed the claims for ancillary relief from the divorce action. In so ruling, we recognize that pertinent legal authority is split on this question (see, e.g., *Hickox v Hickox,* 72 AD2d 688; *Wegman v Wegman,* 112 Misc 2d 716; *Librizzi v Librizzi,* 112 Misc 2d 57; *Meyer v Meyer,* [Supreme Ct., Kings County, 1981]; *Giannola v Giannola,* 109 Misc 2d 985). Moreover, we are likewise not unmindful of the fact that frequently in divorce actions the divorce question is determined separately from the other ancillary issues presented, and we have no objection to such bifurcated procedures when, as is generally the case, they are undertaken with the consent and agreement of both contesting parties. Where, as here, however, one party to a divorce action moves, over the opposing party's objection, for summary judgment of divorce in favor of the opposing party and ancillary matters such as equitable distribution of the marital assets and maintenance and support have not yet been decided, it is our judgment that such a motion should be denied. Certainly, the language of section 236 (part B, subd 5) of the Domestic Relations Law strongly suggests a legislative intent to require, in an action where a divorce is granted, one final judgment which not only grants the divorce, but also determines "the respective rights of the parties in their separate or marital property". Moreover, the wisdom of such a requirement becomes readily apparent when one considers the problems and difficulties which can result when the contrary procedure adopted by Special Term is followed. In such a situation, the nonmoving party may be effectively forced against his or her will to waive any rights which that party may have relative to inherited property, Social Security benefits, pension rights, rights of survivorship in real property and the right to exercise a right of election as to any testamentary instrument left by the moving party, and such a waiver is plainly inequitable and unfair to the nonmoving party when it is compelled prior to a final property settlement between the parties. Additionally, the successful movant for summary judgment might well, upon the grant of the divorce, have little interest in a final settlement of the remaining ancillary issues and consequently work to delay a

resolution of those matters. Such an inequitable result would be unjustifiably detrimental both to the interest of the nonmoving party and to the proper functioning of an already overburdened court system. As to the parties' remaining challenges to the orders on appeal, they relate largely to discretionary rulings by the court with regard to the ancillary matters at issue in these two divorce actions, and no abuse of the court's discretion upon these matters has been demonstrated. We would specifically note that the court did not order the sale of the marital residence in Action No. 1 in contravention of the holding in *Kahn v Kahn* (43 NY2d 203) and it likewise did not err in denying counsel fees to the wife in view of her material resources as established in the record (see *Edwards v Edwards,* 80 AD2d 972). Order, in Action No. 1, affirmed, without costs. Order, in Action No. 2, modified, on the law, by reversing so much thereof as granted defendant's motion for summary judgment in favor of plaintiff and directed that the remaining ancillary issues be severed for the hearing of proof and determination, and the motion denied, and, as so modified, affirmed, without costs. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.