Boatswain v Boatswain (2004 NY Slip Op 24096)

Boatswain v Boatswain

2004 NY Slip Op 24096 [3 Misc 3d 803]

February 24, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, August 4, 2004

[*1]
David Boatswain, Plaintiff,
v
Natasha Boatswain, Defendant.
Supreme Court, Kings County, February 24, 2004

APPEARANCES OF COUNSEL

Louis Venezia, New York City, for plaintiff. Legal Aid Society, Brooklyn (Emily Ruben of counsel), for defendant. Stella Arsenakos, Brooklyn, Law Guardian.

{**3 Misc 3d at 803} OPINION OF THE COURT

Jeffrey S. Sunshine, J.

Introduction

Plaintiff husband moves for an order pursuant to CPLR 3117 (a) (3) (ii) and CPLR 3113 (a) (3) to take the deposition of a witness{**3 Misc 3d at 804} to be offered at trial on behalf of plaintiff by issuance of a letter rogatory. CPLR 3108 affords parties the opportunity to take a deposition outside of the state by commission or letter rogatory. Defendant opposes the application.

Background

This is a matrimonial action wherein defendant alleges she was a victim of domestic violence, while in the State of New York, perpetrated upon her by plaintiff husband. Plaintiff moves for letter rogatory in an effort to take the deposition of Laudell Paul, defendant's half sister. Plaintiff contends that Paul granted permission for the plaintiff to record telephonic communication between defendant and Paul at which time defendant made certain admissions. Plaintiff alleges that the tape-recorded conversation contains statements which are material and necessary to the triable issues of custody and domestic violence.
Plaintiff argues that a letter rogatory is requested because the prospective witness, Paul, resides in Toronto, Canada, and therefore is not within the jurisdiction of this court. Certainly, Toronto, Canada, is located more than 100 miles from this court. Counsel further posits that Paul is physically unable to travel to the State of New York to testify at the time of trial since she is suffering from a blood clot in her lungs. However, counsel neither annexed an affidavit by a person with actual knowledge nor certified medical documentation corroborating counsel's affirmation.
Defendant contends that the issuance of letter rogatory is an improper disclosure device at this juncture since plaintiff has not shown that an alternate disclosure device is unavailable. Defendant further states that a deposition and request for letter rogatory is not material or necessary in this action because the testimony sought is not sufficiently related to the issues of an [*2]order of protection or child custody to make the effort, expense and inconvenience reasonable. Defendant requests that if the court issue letter rogatory or an open commission, the expenses incurred by defendant and her attorney should be paid for in advance by plaintiff.

Discussion

Telephonic Wiretapping

It is well established that a tape recording of a telephone conversation without a warrant is wiretapping. In order for a wiretapping {**3 Misc 3d at 805}to be admitted into evidence there must have been the consent of at least one of the parties to the tape recording. Wiretapping is defined as the unlawful inception of a telephonic communication (see Penal Law § 250.00). Wiretapping is generally committed when a person intentionally overhears a telephonic communication without the consent of a party to the communication (see Penal Law § 250.00 [1]). Without the consent of either party to the conversation, the wiretapping violates section 250.05 of the Penal Law and must be suppressed (see CPLR 4506; see also Pica v Pica, 70 AD2d 931 [2d Dept 1979]). Furthermore, without consent, these recordings are inadmissible because the Legislature intended to prohibit admission of all illegally intercepted evidence in all court proceedings when it enacted the statute's exclusionary provision. If, in fact, Paul did not consent to the recordings and clearly defendant did not consent to the recordings, then the recordings are inadmissible. The purpose of the deposition is to ascertain whether or not Paul consented to the tape recording.
It should be noted that the amateur self-made transcript annexed to the motion is insufficient to form a basis of admissible evidence at this juncture. The trial judge must determine the recording's audibility and authenticity. After an audibility hearing is held, a recording must be excluded if it is determined that the recording is so inaudible and indistinct that one would have to guess at what was being said (see People v Beasley, 98 AD2d 946 [1983], affd 62 NY2d 767 [1984]; People v Graham, 57 AD2d 478 [1977], affd 44 NY2d 768 [1978]). At this juncture, there has been no request made for a hearing as to the audibility of the tape, but a copy of the tape and certified transcripts must be made available to the defendant's counsel within 14 days of this date. If defendant's counsel seeks to have an expert examine the original tape, plaintiff must comply within 10 days of said request.

CPLR 3108: Commission and Letter Rogatory

"[T]he general procedure to be employed when a nonparty witness is sought to be deposed on oral questions is to secure a stipulation or, in the alternative, to serve a subpoena on the nonparty witness, pursuant to CPLR 3106 (subd [b]), and to serve notice of the intended examination on each party to the action, pursuant to CPLR 3107." (Wiseman v American Motors Sales Corp., 103 AD2d 230 [2d Dept 1984], citing McNulty v McNulty, 81 AD2d 581{**3 Misc 3d at 806} [1981]; Spector v Antenna & Radome Research Assoc. Corp., 25 AD2d 569 [1966]; Bush Homes v Franklin Natl. Bank of Long Is., 61 Misc 2d 495 [1969].)
However, in this case, the nonparty witness, Paul, is not only not a resident of the State of New York but she is a resident of a foreign country, to wit: Canada. There is no authority for the service of a subpoena on a nonparty witness who is a non[*3]resident of New York State (see Wiseman v American Motors Sales Corp., supra, citing Judiciary Law § 2-b; Peterson v Spartan Indus., 40 AD2d 807 [1972]; Siemens & Halske, GmbH. v Gres, 37 AD2d 768 [1971]; Israel Discount Bank v P.S. Prods. Corp., 65 Misc 2d 1002, 1004 [1971]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2303:7). "Since the service of a subpoena outside of this State will be ineffective to compel such a witness to appear at an examination, CPLR 3108 makes available, upon application to the court, the commission and the letter rogatory as devices to secure disclosure." (Wiseman v American Motors Sales Corp., supra at 235.)
Pursuant to CPLR 3108, "[a] commission or letters rogatory may be issued where necessary or convenient for the taking of deposition outside of the state." The issuance of a letter rogatory is simply a letter requesting a foreign jurisdiction to make available the machinery to take the deposition of a person found in that foreign jurisdiction, under the laws of that particular jurisdiction. This disclosure device foresees the use of the foreign court's foreign procedures. Contrasted to a commission, which is direction by a New York court to an appointed commissioner under New York law and who bears the seal of this court, to take testimony (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3108:5; see also Siegel, NY Prac § 360), an open commission proceeds by oral questions and a sealed commission utilizes written questions.
Clearly, the information plaintiff seeks to obtain by deposing Paul is relevant to the within action. This court rejects defendant's contention that the testimony of this witness is not material or necessary. The testimony, if true as reported, may impact on the credibility of the defendant as to her claims of domestic violence as well as to the plaintiff's position that the child has been left alone unattended (see CPLR 3101 [a]; see also Stanzione v Consumer Bldrs., 149 AD2d 682 [2d Dept 1989]; Allen v Crowell-Collier Publ. Co., 21 NY2d 403 [1968]; Wiseman v American Motors Sales Corp., 103 AD2d 230 [2d Dept 1984]). "[I]f there is any possibility that the information is sought in good faith for possible use as evidence-in-chief . . . it should {**3 Misc 3d at 807}be considered 'evidence material . . . in the prosecution or defense' " (Allen v Crowell-Collier, supra at 407).
This court is reluctant to utilize the procedures of a foreign jurisdiction in an effort to determine whether or not the telephonic recording was made with consent. Unless it is ascertained that nonparty witness Paul will voluntarily appear in this court at the time of trial, this court, in its discretion, orders a commission. Furthermore, since oral interrogation is a more effective method to procure information, the parties are directed to proceed by open commission (Stanzione v Consumer Bldrs., supra). The defendant shall have an opportunity to cross-examine Paul. Moreover, the deposition shall be video recorded so that the court may observe the demeanor of the witness. Videotaping a deposition is permitted by CPLR 3113 (b) subject to the detailed provisions of Uniform Rules for Trial Courts (22 NYCRR) § 202.15.
Plaintiff shall pay the travel expenses of defendant and her counsel to Toronto, Canada, by the least expensive available air travel from New York to Toronto and return, if practicable, the same day.

[*4]Conclusion

Since Paul is a nonparty witness who resides in a foreign jurisdiction, located more than 100 miles from this court and her testimony is found to be relevant, material and necessary to the prosecution of this action, plaintiff's motion for deposition is granted to the extent that the parties are directed to proceed by open commission for the deposition of Paul. Defendant, on notice and together with defendant's counsel, shall make all travel arrangements and schedule the deposition within 30 days after a true transcript and a copy of the tape have been provided.