(April 30, 1984)

■ DIANE AARON, Appellant-Respondent, v MARC AARON, Respondent-Appellant. — In an action for a divorce and ancillary relief, the plaintiff wife appeals (1) from so much of an order of the Supreme Court, Westchester County (Ferraro, J.), entered January 27, 1983, as granted her motion for *pendente lite* maintenance and child support only to the extent of directing the defendant husband to pay her $245 per week for the temporary maintenance and support of herself and the three children of the parties, plus $605 per month for the monthly mortgage payment on the premises and (2), as limited by her brief, from so much of an order of the same court (Wood, J.), entered September 30, 1983, as upon reargument of her application for *pendente lite* maintenance and child support, adhered to the original determination. The defendant husband cross-appeals, as limited by his notice of appeal and brief, from so much of the order entered January 27, 1983, as denied his cross motion for reverse partial summary judgment granting plaintiff an immediate divorce on the ground of cruel and inhuman treatment. ¶ Order entered January 27, 1983 affirmed, insofar as appealed from by defendant. ¶ Appeal by the plaintiff from stated portions of the order entered January 27, 1983 dismissed. The portions of the order entered January 27, 1983 appealed from by plaintiff were superseded by the order entered September 30, 1983, made upon reargument. ¶ Order entered September 30, 1983 reversed, insofar as appealed from, and, upon reargument, that portion of the order entered January 27, 1983 which determined plaintiff's application for *pendente lite* relief is modified to the extent that the defendant is directed to pay the plaintiff $200 per week for her temporary maintenance, $150 per week for temporary child support of the three children of the parties and to pay the mortgage, utilities, taxes, and realty insurance upon the marital residence. ¶ Plaintiff is awarded one bill of costs. ¶ In view of the facts that the parties enjoyed a high marital standard of living, that defendant earns at least $60,000 per annum, and that plaintiff, the custodial parent of the parties' three children, has minimal income of her own, Special Term abused its discretion in directing defendant to pay only $245 per week as *pendente lite* maintenance and child support, plus $605 per month for the mortgage payments on the marital residence. Although, as a general rule, an expeditious trial is the most effective remedy for any claimed inequity in an award of *pendente lite* maintenance and child support (see *Ellenis v Ellenis,* 76 AD2d 880), the record indicates that an upward modification is necessary for plaintiff and the children to subsist pending trial. As such, an upward modification in the amount indicated is warranted. ¶ In view of the limited nature of the plaintiff's notice of appeal from the order entered January 27, 1983, we have not considered the issue of counsel fees (*McKee v McKee,* 96 AD2d 531). ¶ Special Term was correct in denying defendant's motion for reverse partial summary judgment because defendant's affidavit did not contain adequate admissions of guilt (see *Rauch v Rauch,* 91 AD2d 407). Titone, J. P., Lazer, Mangano and Boyers, JJ., concur.