■ VOYKA KUTANOVSKI, Respondent-Appellant, v MILAN S. KUTANOVSKI, Appellant-Respondent. — In a matrimonial action, (1) defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Richmond County (Hurowitz, J.), entered December 2, 1982, as ordered him to pay maintenance of $150 per week to the plaintiff wife, gave plaintiff a 10% interest for 10 years in his license to practice medicine, distributed 60% of the proceeds of the sale of the marital

residence to plaintiff and distributed 50% of the other marital property to plaintiff, and (2) plaintiff cross-appeals from so much of the same judgment as limited her maintenance to $150 per week, granted her a distributive award of $62,000, ordered the sale of the marital residence, provided for the distribution of the marital property, awarded defendant any and all property in Yugoslavia, failed to award plaintiff counsel fees and failed to find defendant in contempt.

Judgment modified, on the law, by (1) deleting the eighth decretal paragraph which awarded plaintiff a 10% interest for 10 years in defendant's license to practice medicine, and (2) deleting the tenth, fourteenth, fifteenth and twenty-fifth decretal paragraphs which distributed certain marital property and debts. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to Special Term for further proceedings in accordance herewith.

Plaintiff and defendant met and married in 1969, while plaintiff was vacationing in Yugoslavia. At the time, defendant was an orthopedic surgeon in government practice, earning a salary of $180 a month. While on their honeymoon, defendant studied for the Educational Council Foreign Medical Graduates examination. He took the examination at the American Embassy in Yugoslavia. Plaintiff paid defendant's travel expenses to the United States and defendant moved into plaintiff's apartment in Jackson Heights. Defendant was then notified that he did not pass the examination. Plaintiff was their sole support while he studied to retake the exam. She was employed by the City of New York as a fiscal analyst.

After defendant passed the examination, plaintiff, through a friend, arranged for him to be employed by the Chief of Orthopedics at the United States Public Health Hospital on Staten Island.

In her action for divorce, plaintiff claimed that she had an interest in defendant's license to practice medicine and is entitled to a distributive award thereof. The court found that the license was marital property and awarded plaintiff a 10% interest in defendant's license for 10 years.

Defendant contends that the court erred when it ruled that his license to practice medicine was to be considered marital property and then proceeded to make a distributive award to plaintiff of 10% of its projected value over the next 10 years.

It has been held that a medical license may not be treated as marital property for equitable distribution purposes (*O'Brien v O'Brien,* 106 AD2d 223; *see, Conner v Conner,* 97 AD2d 88;

*Lesman v Lesman,* 88 AD2d 153, *appeal dismissed* 57 NY2d 956). These cases support the proposition that there is no authority in the equitable distribution law to impose upon a party in a matrimonial action a judgment debt of some per cent of the present value of his or her future services under a license, no matter how much that party's skills have been enhanced by the other party's support during the marriage. On constraint of *O'Brien v O'Brien (supra),* the judgment of Special Term must be modified so as to remove it from the distributive award given to plaintiff for her interest in defendant's license to practice medicine.

However, in fixing the amount of maintenance, and in distributing the marital property, the court must consider the contributions made by plaintiff to defendant's career (*Lesman v Lesman, supra;* Domestic Relations Law § 236 [B] [5] [d] [6]; [6] [a] [8]). The matter is therefore remitted to Special Term for a determination as to whether plaintiff is entitled to an additional award of maintenance and for a reevaluation of the distribution of the marital property and debts, giving consideration to the contributions which plaintiff made to defendant's career. The court, in its discretion, might decide to increase the amount of maintenance awarded to plaintiff and/or to give plaintiff a greater share of the marital property.

In view of the limited nature of plaintiff's notice of appeal, we have not considered the issue of the adequacy of defendant's life insurance policy or Special Term's provision regarding medical insurance (*Aaron v Aaron,* 100 AD2d 948; *McKee v McKee,* 96 AD2d 531).

We have considered the other issues raised by the parties and find them to be without merit. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.