■ VOYKA KUTANOVSKI, Respondent-Appellant, v MILAN S. KUTANOVSKI, Appellant-Respondent.—Motion by the plaintiff for reargument of an appeal from a judgment of the Supreme Court, Richmond County (Hurowitz, J.), entered December 2, 1982, which was decided by decision and order of this court dated March 18, 1985 *(Kutanovski v Kutanovski,* 109 AD2d 822).

Motion granted, and, upon reargument, the memorandum decision and order of this court, both dated March 18, 1985, are recalled and vacated, and the following decision is substituted:

"In a matrimonial action, (1) the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Richmond County (Hurowitz, J.), entered December 2, 1982, as ordered him to pay maintenance of $150 per week to the plaintiff wife, gave the plaintiff a 10% interest for 10 years in his license to practice medicine, distributed 60% of the proceeds of the sale of the marital residence to the plaintiff and distributed 50% of the other marital property to the plaintiff, and (2) the plaintiff cross-appeals from so much of the same judgment as limited her maintenance to $150 per week, granted her a distributive award of $62,000, ordered the sale of the marital residence, provided for the distribution of the marital property, awarded the defendant any and all property in Yugoslavia, failed to award the plaintiff counsel fees and failed to find the defendant in contempt.

"Judgment affirmed insofar as appealed from, without costs or disbursements.

"The plaintiff and the defendant met and married in 1969, while the plaintiff was vacationing in Yugoslavia. At the time, the defendant was an orthopedic surgeon in government practice, earning a salary of $180 a month. While on their honeymoon, the defendant studied for the Educational Council Foreign Medical Graduates examination. He took the examination at the American Embassy in Yugoslavia. The plaintiff paid defendant's travel expenses to the United States and defendant moved into the plaintiff's apartment in Jackson Heights. The defendant was then notified that he did not pass the examination. The plaintiff was their sole support while he

studied to retake the exam. She was employed by the City of New York as a fiscal analyst.

"After the defendant passed the examination, the plaintiff, through a friend, arranged for him to be employed by the chief of orthopedics at the United States Public Health Hospital on Staten Island.

"In her action for divorce, the plaintiff claimed that she had an interest in the defendant's license to practice medicine and is entitled to a distributive award thereof. The court found that the license was marital property and awarded the plaintiff a 10% interest in defendant's license for 10 years.

"In light of the Court of Appeals recent determination that a license to practice medicine obtained by one partner during marriage is marital property, Special Term's determination to that effect must be affirmed (see, O'Brien v O'Brien, 66 NY2d 576). The award fashioned by Special Term is equitable under the circumstances of this case.

"In view of the limited nature of the plaintiff's notice of appeal, we have not considered the issue of the adequacy of the defendant's life insurance policy or Special Term's provision regarding medical insurance (Aaron v Aaron, 100 AD2d 948; McKee v McKee, 96 AD2d 531).

"We have considered the other issues raised by the parties and find them to be without merit. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur." Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.