VIOLET McCANDLESS, Respondent, *v.* JAMES McCANDLESS, Defendant. COUNTY OF ONONDAGA, Appellant.

Fourth Department, January 20, 1972.

*Eli Gingold, County Attorney* (*Hugh C. Gregg, II*, of counsel), for appellant.

*Richard A. Ellison* for respondent.

MARSH, J. Upon this appeal from an order granting plaintiff's motion for permission to serve the summons in her proposed divorce action by publication pursuant to CPLR 315, for permission to prosecute the action as a poor person pursuant to article 11 of the CPLR, and for a direction that the cost of publication be charged to the County of Onondaga, the county wherein the action is triable, appellant, County of Onondaga, urges that the cost of the publication of a summons to commence a divorce action is not a "cost" within the meaning of article 11 which may be charged against the county, and that the ruling of the Supreme Court in *Boddie* v. *Connecticut* (401 U. S. 371) decided after this order was entered, should have prospective application only.

As to the latter point it is clear "that an appellate court must apply the law in effect at the time it renders its decision." (*Thorpe* v. *Housing Auth.*, 393 U. S. 268, 281; *Ziffrin, Inc.* v. *United States*, 318 U. S. 73; *Vandenbark* v. *Owens-Illinois Co.*, 311 U. S. 538; *Strauss* v. *University of State of N. Y.*, 2 N Y 2d 464.) In *Thorpe* at page 282 the court notes that Chief Justice MARSHALL explained the rule over 150 years ago as follows: "'If subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. If the law be constitutional * * * I know of no court which can contest its obligation * * * the court must decide according to existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside.' (*United States* v. *Schooner Peggy*, v *Cranch* 103, 110 [1801].) This same reasoning has been applied where the change was constitutional, statutory, or judicial."

In determining the rights of the parties we must, therefore, give application to the constitutional rulings laid down in *Boddie*.

While we have held in *Brown* v. *Brown* (34 A D 2d 727) that article 11 of the CPLR does not add to the benefits accruing to poor persons the cost of the publication in matrimonial actions, we pointed out that we did not reach the constitutional questions urged for the first time on that appeal. The issue of deprivation of plaintiff's constitutional right to due process of law in violation of the Fourteenth Amendment is squarely presented for our determination on this appeal.

The holding in *Boddie* (p. 383) that " a State may not, consistent with the obligations imposed on it by the Due Process Clause of the Fourteenth Amendment, pre-empt the right to dissolve this legal relationship without affording all citizens access to the means it has prescribed for doing so ", mandates provision by the State for defraying the cost of publication, that being the only statutory means available to the plaintiff to secure service of process.

An examination of article 11 of the CPLR makes it clear that the State has provided a procedure by which a poor person, upon proof of that status and upon a sufficient showing of merit, may secure access to the courts without payment of costs, fees and expenses. That the statutory plan contemplates such charges against the county where the action is triable, or against the City of New York when the action is triable there, is evidenced by the specific allocation of charges in the article as well as the provision that notice of the motion for permission to proceed as a poor person be given to the County Attorney of the county in which the action is triable, or to the finance administrator if the action is triable in the City of New York.

We are mindful of the determination of the court in *Jackson* v. *Jackson* (37 A D 2d 953, 954) decided November 23, 1971, that " No provision of law has been called to our attention which authorizes the city to make such payment in a matrimonial action in behalf of an indigent plaintiff. (Cf. CPLR 1102.) Whatever may be the responsibility of the State of New York in this regard (*Boddie* v. *Connecticut,* 401 U. S. 371), it is not that of the city without appropriate legislative enactment."

In our view, however, the absence of specific provision of law relating to the source of payment of publication costs for indigents does not permit our negating the mandate of *Boddie*.

The order should be affirmed.

DEL VECCHIO, J. P., WITMER, GABRIELLI and MOULE, JJ., concur.

Order unanimously affirmed with costs.