OPINION OF THE COURT
Sidney Leviss, J.
This is a motion by plaintiff husband for partial summary judgment in favor of defendant wife and against plaintiff husband on her first counterclaim for divorce upon the ground of constructive abandonment, dismissing the defendant’s “Second” counterclaim upon the ground that same is academic and moot, and severing all issues of ancillary relief with respect to the divorce action.
The parties herein were married on October 26,1969, in Israel. There are two infant issue of the marriage, 11 and 9 years of age.
On June 30, 1981, plaintiff commenced this action by personal service upon defendant of the summons with notice. Defendant served her notice of appearance on July 8, 1981. The complaint was served on October 21, 1981. Defendant’s answer containing two counterclaims for divorce was served on December 21,1981. Plaintiff’s reply to the counterclaims was served on January 6, 1982.
Defendant’s “First” counterclaim is an action for divorce based upon the allegation of constructive abandonment of defendant by plaintiff since December 1,1980 and continu *883 ing to the present time. The “Second” counterclaim was an action for divorce based upon cruel and inhuman treatment.
Plaintiff’s reply to defendant’s “First” counterclaim admits the allegations as to constructive abandonment. Further, plaintiff in his affidavit submitted in support of this motion states that he is not opposing the request of defendant as contained in her “First” counterclaim for judgment of divorce based upon constructive abandonment.
Defendant opposes this motion, contending in effect that somehow she would be deprived of the opportunity to conduct discovery and inspection of the plaintiff’s financial matters if this motion was granted. This is not so, as defendant will have the opportunity to conduct any discovery proceeding as may be necessary.
CPLR 3212 and section 211 of the Domestic Relations Law now permit summary judgment or partial summary judgment in matrimonial actions when such motion is based upon sufficient proof thereof, regardless of which party is moving for such relief. (See Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:29, 1981-1982 Pocket Part, p 92.)
Based upon all the pleadings and affidavits submitted herein, the court finds that there exists no triable issue of fact as to the constructive abandonment of the defendant by the plaintiff for a period of more than one year prior to the commencement of this action, and accordingly, plaintiff’s motion for partial summary judgment on the defendant’s first counterclaim for divorce based on constructive abandonment is granted. Defendant’s “Second” counterclaim is dismissed as academic and moot. Plaintiff’s complaint is dismissed upon his consent thereto.
In view of the above, all other ancillary relief requested herein is severed and referred to and set down for a hearing to be held at Special Term, Part 5, of this court, on March 18, 1982, at 9:30 a.m.
Further, entry of the partial summary judgment granted herein shall be held in abeyance pending the determina *884 tion of the ancillary matters referred to and set down for hearing in this matter. (CPLR 3212, subd [e], par 2.)