# PEGGY RAUCH, Appellant, v MEYER RAUCH, Respondent.

Second Department, February 14, 1983

**APPEARANCES OF COUNSEL**

*Lee B. Hoffman* for appellant.

*Martin J. Rosen, P. C.* (*Emanuel Thebner* of counsel; *Martin J. Rosen* on the brief), for respondent.

**OPINION OF THE COURT**

WEINSTEIN, J.

The issue presented by this case concerns the propriety of granting reverse partial summary judgment in favor of the nonmoving party in a nonconversion divorce action, leaving such ancillary matters as equitable distribution to be resolved at trial. Although this issue has been addressed in the trial courts, where there exists a split of authority, the matter is one of first impression in this court.[*] In view of the legislative amendment eliminating the prohibition

---

[*] Although the issue of whether courts possess the authority to grant a summary judgment of divorce on fault grounds in favor of a nonmoving party was raised in *Cogan v Cogan* (90 AD2d 491), the issue was not therein disposed of. Since the court decided that the plaintiff's motion to discontinue her action should have been granted with prejudice to the institution of a subsequent matrimonial action based on any conduct

against granting summary judgment to a plaintiff in matrimonial actions (repeal of CPLR 3212, subd [d], eff Jan. 1, 1979), and the availability of partial summary judgment, we now hold that reverse partial summary judgment is generally available in matrimonial matters. While we hold that our courts are empowered to grant reverse partial summary judgment in matrimonial actions, it should not have been granted in the instant case in view of the insufficient proof submitted.

Plaintiff commenced this action for divorce by service of a summons dated August 29, 1980. The parties had been married since April 15, 1950. The complaint, dated October 20, 1980, sets forth two causes of action. The first is for a divorce on the ground of cruel and inhuman treatment while the second is a claim for necessaries. Included in the wherefore clause are demands for the exclusive use and occupancy of the parties' two marital residences and an equitable distribution of the marital property. Defendant's answer sets forth a general denial and demands judgment dismissing the complaint. Although she was not entitled to exclusive possession of the marital residence in Yonkers, plaintiff was awarded alimony *pendente lite* in the sum of $325 per week (*Rauch v Rauch*, 83 AD2d 847, 848).

Defendant thereafter moved for partial summary judgment in plaintiff's favor, granting her a judgment of absolute divorce on her first cause of action and severing all other issues. In an affidavit in support of said motion defendant stated, in pertinent part:

"However, I have elected at this juncture not to contest Plaintiff's application for a dissolution of the marriage, as I am convinced that this matter will be dragged on for a substantial period of time, as Plaintiff is clearly mired in her effort to strip me of my ability to support myself.

"That I am advised by counsel that applications of this nature are favored for the purpose of saving judicial time, expense and unnecessary litigation. Accordingly, I do hereby withdraw my Verified Answer as same relates

which might have been the basis for an action prior to July 19, 1980, the issue of the propriety of granting reverse summary judgment was not reached at that time. In *Nemia v Nemia* (90 AD2d 871) the Third Department denied a husband's motion for summary judgment in favor of the opposing party while ancillary matters such as equitable distribution of the marital assets and maintenance and support had not yet been decided.

solely to the denials referable to Plaintiff's attempt to obtain a Decree of Absolute Divorce."

It should be noted that the affidavit does not set forth any admission of fault on defendant's part, nor does it recite, describe or specifically admit any of the factual allegations found in plaintiff's first cause of action.

In opposition thereto, plaintiff maintained that her rights to elect against defendant's will and to equitable distribution would be jeopardized in the event of his death or remarriage at some point between the granting of summary judgment and the resolution of the ancillary issues. Plaintiff cross-moved for an order denying defendant's motion for reverse partial summary judgment and granting her additional counsel fees for the purpose of contesting said motion. Although plaintiff received an award of counsel fees pursuant to the cross motion, defendant's motion for reverse partial summary judgment was granted. By order of this court dated March 8, 1982, defendant was stayed from entering a judgment of divorce pending determination of the appeal.

As stated above, with the repeal of CPLR 3212 (subd [d]), effective January 1, 1979 (L 1978, ch 532), matrimonial actions ceased to be an exception to the summary judgment rule. Since that time, the evidentiary criteria applicable to summary judgment motions in general became applicable in matrimonial actions as well, irrespective of whether the plaintiff or the defendant was the movant (Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:29, p 103, 1982-1983 Pocket Part). Simultaneously, an analogous change was made to remove the prohibition against the granting of default judgments in matrimonial actions. That change in the law made it possible for a court to award a judgment of divorce on default or by consent "only upon competent oral proof or upon written proof that may be considered on a motion for summary judgment" (Domestic Relations Law, § 211, as amd by L 1978, ch 532, § 4).

Quite obviously, it is unconventional for a party in a lawsuit to request judgment in favor of an adversary. While it may be unusual for a defendant to request summary judgment in a plaintiff's favor, that in and of itself

should not preclude the granting of such relief where adequate proof is presented (see *Douek v Douek,* 112 Misc 2d 882; *Melendez v Melendez,* NYLJ, April 14, 1982, p 12, col 1; *Kove v Kove,* NYLJ, Nov. 5, 1981, p 11, col 1; *Reardon v Reardon,* NYLJ, July 23, 1981, p 12, col 1). Indeed, the procedure has been approved by at least one appellate court (*Hickox v Hickox,* 72 AD2d 688), albeit under circumstances where the plaintiff's first cause of action was one for a conversion divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law, while the next two causes of action were predicated upon fault grounds. The court therein reasoned as follows (p 689): "While the plaintiff might eventually sustain her burden at trial on the second and third causes of action, she will, in the end, have gained no more rights or benefits than if she were now awarded summary judgment on the first cause. Furthermore, the court system itself will be saved the unnecessary time and expense of trying the matrimonial aspect of this consolidated case. Consequently, partial summary judgment is given to plaintiff upon her first cause and that cause will be severed accordingly. In view of this determination, plaintiff's second and third causes, together with defendant's counterclaim, are dismissed as academic. At the trial of the custody proceeding, the plaintiff may still seek to adduce all evidence of defendant's misconduct as is relevant to that proceeding."

Among the reasons cited by courts which have denied partial summary judgment in favor of nonmovants in divorce cases predicated on fault grounds is the fear that such unrestricted practice will give rise to bifurcated matrimonial trials, wherein the financial issues might linger on for unconscionable periods of time (*Miller v Miller,* NYLJ, Feb. 4, 1982, p 12, col 3), and the reluctance of courts to lend their imprimaturs to consent divorces which, with the exception of subdivisions (5) and (6) of section 170 of the Domestic Relations Law, are not sanctioned in New York (*Librizzi v Librizzi,* 112 Misc 2d 57; *Ullo v Ullo,* 114 Misc 1038). With respect to the former reason, adequate precautionary measures can be taken to insure a fair and expeditious trial, including providing for a trial preference and/or a stay of the disposition of all marital assets pend-

ing trial. With respect to the latter reason, it too can be obviated by our court's insistence that the requirements of proof be strictly adhered to so as to avoid the dangers of judicial approval of no-fault consensual divorces in situations other than those permitted by subdivisions (5) and (6) of section 170 of the Domestic Relations Law.

Thus, in view of the Legislature having acted to approve the granting of summary judgment in matrimonial actions and the availability of partial summary judgment as a viable legal remedy, we conclude that reverse partial summary judgment may be granted in a divorce action, leaving such ancillary matters as equitable distribution to be resolved at trial.

While we hold that reverse partial summary judgment is generally available in matrimonial actions, the record before us in the instant case reveals that the proof submitted to Special Term by defendant is wholly insufficient to entitle him to such relief. In this case, defendant's affidavit in support of his motion is silent as to fault. He has neither recited nor admitted any actions on his part which might be described as cruel and inhuman treatment, but has simply withdrawn his answer as to plaintiff's first cause of action. Accordingly, his motion papers are patently insufficient to meet the burden of proof for summary judgment purposes and the motion must be denied (Domestic Relations Law, § 211).

TITONE, J. P., GULOTTA and NIEHOFF, JJ., concur.

Order of the Supreme Court, Westchester County, entered February 10, 1982, reversed insofar as appealed from, with $50 costs and disbursements, and defendant's motion denied.