■ GERTRUDE KAPLAN, Respondent, v STANLEY KAPLAN, Defendant, and HERMAN KAPLAN et al., Appellants. — In a matrimonial action, Herman Kaplan and Kapco Service Station, Inc., appeal from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated February 5, 1982, as permitted plaintiff to amend her complaint *nunc pro tunc* to include them as defendants in the action, directed that the amended complaint annexed to the motion papers served upon appellants be deemed served upon receipt of a copy of the order by all parties, and directed that the proceeds of any sale or lease of specified property be held in escrow pending the outcome of the action. Order modified, on the law, by deleting therefrom the provisions that plaintiff's proposed amended complaint be deemed served upon receipt of a copy of said order by all parties and that the proceeds of any sale or lease of the property in question be placed in escrow pending the outcome of the action and by substituting therefor a provision granting plaintiff leave to add the appellants as new parties defendant by serving them with a supplemental summons and her amended complaint. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and without prejudice to an application by plaintiff to the Supreme Court, Nassau County, for a preliminary injunction directing that the proceeds of any sale or lease of the specified property in question be held in escrow pending the outcome of the action. Service of the supplemental summons and amended complaint shall be made within 10 days after service upon the plaintiff of a copy of the order to be made hereon, with notice of entry. We deem plaintiff's application to be one for leave to add the appellants as new parties defendant (CPLR 1003) and for leave to amend her complaint to state causes of action against them (CPLR 3025, subd [b]), *inter alia,* for conversion and for an accounting (cf. *Connell v Hayden,* 83 AD2d 30, 37). Such relief is proper. However, personal jurisdiction over the appellants will not be obtained until service upon them of a supplemental summons (CPLR 305, subd [a]). In the absence of personal jurisdiction over the appellants, the court lacked the authority to, in effect, issue a preliminary injunction imposing the obligation to hold the property in question in escrow (CPLR 6311), and to deem service of a copy of its order to be service of the amended complaint. Lazer, J. P., Gibbons, Thompson and Weinstein, JJ., concur.

■ JANET LEEDS, Respondent, v PAUL LEEDS, Appellant. — In a divorce action, defendant husband appeals from an order of the Supreme Court, Nassau County (Harwood, J.), entered June 14, 1982, which denied his motion for reverse partial summary judgment in favor of the plaintiff wife. Order reversed, on the law, with costs, motion granted, judgment of divorce granted in favor of plaintiff and matter remitted to the Supreme Court, Nassau County, for disposition of all ancillary issues. In accordance with our holding in *Rauch v Rauch* (91 AD2d 407), reverse partial summary judgment is generally available in matrimonial actions where adequate proof is presented. In view of defendant's unequivocal admission of his abandonment of plaintiff for a period in excess of one year, we conclude that such a remedy is warranted under the instant circumstances. Thompson, J. P., O'Connor, Brown, and Rubin, JJ., concur. [114 Misc 2d 555.]