■ MATTHEW WINN, Appellant, v CONCETTA WINN, Respondent. — In a matrimonial action, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Daronco, J.), entered September 2, 1982, as denied that portion of his motion which sought partial reverse summary judgment against him on the defendant wife's first counterclaim for divorce on the ground of adultery. Order reversed, insofar as appealed from, without costs or disbursements, that branch of plaintiff's motion which sought partial reverse summary judgment on the defendant's first counterclaim granted, and matter remitted to the Supreme Court, Rockland County, for disposition of all ancillary issues. By an amended verified complaint dated June 17, 1980, the plaintiff husband sought to obtain a divorce predicated upon a 1975 separation agreement, adultery and constructive abandonment. The wife's verified amended answer denied these allegations and asserted counterclaims for divorce based upon abandonment, adultery and cruel and inhuman treatment. She also asserted that her husband had abrogated the separation agreement. The husband moved, *inter alia,* for summary judgment to be awarded to his wife on her counterclaim for divorce based upon adultery. In support of his motion he submitted an affidavit admitting his adultery, as he had been living with another woman for over two and one-half years and had fathered a child with her. Under these circumstances, Special Term erred in denying the motion. Partial reverse summary judgment may be granted in favor of the nonmoving party in a nonconversion divorce action, leaving ancillary matters to be resolved at trial (*Rauch v Rauch,* 91 AD2d 407; *Leeds v Leeds,* 94 AD2d 788, app dsmd on ground that wife was not aggrieved 60 NY2d 641). As the husband had admitted fault, the branch of his motion which sought partial reverse summary judgment should have been granted (see *Rauch v Rauch, supra,* p 411). Although, as the wife notes, the husband has not discontinued his claims for divorce, the granting of partial reverse summary judgment in the wife's favor will render the husband's divorce action (as well as the wife's remaining counterclaims) academic (*Rauch v Rauch, supra,* p 410; *Hickox v Hickox,* 72 AD2d 688). Lazer, J. P., Thompson, O'Connor and Brown, JJ., concur.