■ JEANETTE TUCKER, Appellant, v SPENCER TUCKER, Respondent. — In a divorce action, the plaintiff wife appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Buschmann, J.), dated August 18, 1982, as granted the defendant husband's motion for reverse partial summary judgment in the wife's favor. Appeal dismissed, without costs or disbursements. In *Leeds v Leeds* (94 AD2d 788), the defendant husband's motion for reverse partial summary judgment was denied by Special Term. On appeal this court reversed and granted his motion, whereupon the plaintiff wife attempted to appeal to the Court of Appeals. However, that court, on its own motion, dismissed her appeal on the ground that she was "not a party aggrieved (CPLR 5511)" (*Leeds v Leeds,* 60 NY2d 641). In the present case, Special Term granted the motion of the defendant husband for reverse partial summary judgment in his wife's favor and the latter appealed to this court. Under the rationale of the Court of Appeals in *Leeds v Leeds* (*supra*), the plaintiff wife is not aggrieved by so much of the order and judgment of Special Term as she has sought to review and her appeal must be dismissed. Were we not dismissing, however, we would affirm. The husband's specific admission of the material allegations of his wife's first cause

of action are legally sufficient to establish grounds for divorce based upon cruel and inhuman treatment. Accordingly, Special Term did not err in granting the husband's motion, *inter alia,* for reverse partial summary judgment (*Rauch v Rauch,* 91 AD2d 407; *Feuer v Feuer,* 96 AD2d 548). *Cogan v Cogan* (90 AD2d 491, app withdrawn 58 NY2d 1115) is distinguishable on its facts and does not compel a contrary result. Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur. [116 Misc 2d 76.]