■ SHIRLEY A. MILLER, Appellant, v CHARLES MILLER, Respondent. — On the court's own motion, appeal unanimously dismissed, without costs. Memorandum: When this divorce action, brought by the wife, came on for trial, the parties reached an agreement concerning disposition of marital property and maintenance for the wife which was placed on the record. The husband withdrew his answer, the wife testified to an abandonment by the husband for more than one year and the court granted a judgment for divorce incorporating the agreement. Thereafter, the wife refused to sign and acknowledge the agreement as required by statute (Domestic Relations Law, § 236, part B, subd 3), and moved to vacate the agreement. The court set aside the agreement and submitted the issue of property distribution and maintenance for trial, but allowed the judgment of divorce to stand. The wife appeals, contending that it was improper to grant the divorce before resolution of the financial issues. The case of *Leeds v Leeds* (94 AD2d 788, app dsmd 60 NY2d 641) requires a dismissal of the appeal. *Leeds* was an action for divorce brought by the wife. Supreme Court denied the husband's motion for partial summary judgment for divorce in favor of the wife and the Appellate Division reversed and granted the motion. On appeal to the Court of Appeals, that court, on its own motion, dismissed the appeal on the ground that the wife was not a party aggrieved by the judgment appealed from. Here, likewise, the wife is not a party aggrieved. She was granted what she sued for, a judgment of divorce. She may contend that she is aggrieved because the judgment was granted prior to the resolution of the financial issues, but the Court of Appeals, by its dismissal in *Leeds*

(*supra*), has held otherwise. (Appeal from order and judgment of Supreme Court, Onondaga County, Donovan, J. — divorce.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.