■ DONNA J. VALINOTI, Respondent, v GERARD J. VALINOTI, Appellant. — In a matrimonial action, defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Cooperman, J.), dated July 12, 1983, as, after granting his application for reverse partial summary judgment, stayed the entry of an interlocutory judgment pending a final disposition of all ancillary issues raised. ¶ Order reversed insofar as appealed from, as a matter of discretion, without costs or disbursements, and the provision staying entry of the interlocutory judgment of divorce until a final disposition of all ancillary issues is deleted. The matter is remitted to the Supreme Court, Queens County, for the entry of an interlocutory judgment of divorce in plaintiff wife's favor (see *Rauch v Rauch,* 91 AD2d 407; *Leeds v Leeds,* 94 AD2d 788, app dsmd 60 NY2d 641) and disposition of all ancillary issues. ¶ In the instant case, the record is devoid of any affirmative showing of prejudice which would inure to plaintiff upon the immediate entry of an interlocutory judgment of divorce in her favor (see *Nemet v Nemet,* 99 AD2d 828; *Peerce v Peerce,* 97 AD2d 718). Her economic rights have been adequately protected by Special Term's ordered stay of the disposition of any marital assets. Absent some articulable reason to justify a delay, it was an improvident exercise of discretion to have stayed the entry of judgment. Thompson, Weinstein and Niehoff, JJ., concur.

Lazer, J. P., dissents and votes to affirm the order insofar as appealed from, with the following memorandum: The issue is whether in granting reverse partial summary judgment Special Term abused its discretion in staying entry of an interlocutory judgment of divorce containing no financial provisions. Since I believe the discretion was soundly exercised, I dissent. ¶ Plaintiff's suit for divorce on the ground of abandonment, and seeking equitable distribution, maintenance and counsel fees, was met by the husband's motion for reverse partial summary judgment based on this court's holdings in *Rauch v Rauch* (91 AD2d 407) and *Leeds v Leeds* (94 AD2d 788, app dsmd 60 NY2d 641). In his moving affidavit, the husband admitted that he had abandoned the plaintiff without cause or provocation and that the abandonment was continuing. Although plaintiff did not oppose the grant of summary judgment of divorce, in her answering papers she sought a stay of the entry of an interlocutory judgment of divorce pending equitable distribution. Without such a stay, she argued, her right to inherit or elect against her husband's will would be lost and if his demise should occur before entry of an equitable distribution decree her ability to obtain an equitable distribution or even to reach assets would be jeopardized because the assets might have descended to others by testamentary disposition or intestacy. Her further contention was that upon entry of the divorce decree, the defendant would lose all incentive to resolve the equitable distribution issues and he had already disobeyed Special Term's order directing financial depositions. Special Term granted summary judgment but stayed entry of the judgment pending final disposition of the financial issues. I see no basis for reversal of Special Term's exercise of discretionary judgment. ¶ Major problems (and some minor ones) flow from the entry of an interlocutory decree of divorce before adjudication of equitable distribution issues. Once marriage dissolution has occurred, each party loses the right to elect against the will of the other (EPTL 5-1.1), to take any intestacy (EPTL 4-1.1), and to take exempt property (EPTL 5-3.1). Marital dissolution may also result in loss of certain Social Security benefits, pension rights and the right of survivorship in jointly

owned property (*Nemia v Nemia,* 90 AD2d 871). Whether a claim for equitable distribution is abated by death, the nature of a surviving former spouse's rights against the estate of a deceased spouse who has obtained an interlocutory divorce decree, whether such circumstances present a proof problem due to the Dead Man's Act (CPLR 4519; see *Greene v Greene,* NYLJ, June 16, 1983, p 14, col 2), and how property which has passed by devolution of law under such circumstances can be pursued, are matters not yet decided. ¶ Another reason for withholding entry of judgment is to provide inducement for the more affluent spouse to cooperate in disclosure proceedings and not to dissipate assets or even leave the jurisdiction before assets have been distributed. Unless we have in some way become endowed with supernatural powers, I cannot agree that many of the problems I have mentioned are resolvable by a mere direction to Special Term to fashion a remedy to protect the less affluent spouse (see *Nemet v Nemet,* 99 AD2d 828). In face of the scandalous nationwide situation involving the flouting of matrimonial decrees (see On the Trail of those Deadbeat Dads, *US News & World Report,* March 21, 1983, p 70), it takes a boldness I do not possess to expose the less affluent spouse to the mentioned dangers when there are so many reasons to withhold entry of an interlocutory decree of divorce. Since an order granting summary judgment does not require immediate transformation into judgment (see CPLR 3212, subd [e]; *Stigwood Organisation v Devon Co.,* 44 NY2d 922), I believe that there was a sound basis for Special Term's exercise of discretion. Accordingly, I vote to affirm.