■ KENNETH RITZ, Appellant, v BRENDA RITZ, Respondent. — In a matrimonial action, plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Ruskin, J.), dated August 29, 1983, as stayed the entry of the interlocutory judgment of divorce which was granted in favor of defendant wife upon his motion for reverse partial summary judgment on her second counterclaim, pending resolution of all ancillary matters, stayed disposition of all marital assets, including his 50% interest in a dental practice, during the pendency of this action, awarded counsel fees and various expert and appraisal fees for the purpose of ascertaining the value of plaintiff's assets, and awarded maintenance and child support retroactive to July 1, 1983, less any amounts already paid by plaintiff. ¶ Order modified, as a matter of discretion, by deleting the provision staying entry of the interlocutory judgment of divorce pending a final disposition of all ancillary issues. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and the matter remitted to the Supreme Court, Dutchess County, for the entry of an interlocutory judgment of divorce in favor of the defendant wife (see *Rauch v Rauch,* 91 AD2d 407; *Leeds v Leeds,* 94 AD2d 788, app dsmd 60 NY2d 641) and disposition of all ancillary issues. ¶ The record on appeal is devoid of any affirmative showing of prejudice by defendant which would inure to her upon the immediate entry of an interlocutory judgment of divorce in her favor (see *Nemet v Nemet,* 99 AD2d 828; *Peerce v Peerce,* 97 AD2d 718). ¶ Defendant wife's economic rights have been adequately safeguarded by Special Term's ordered stay of the disposition of any marital assets. Absent some articulable reason which would justify a delay, it was an improvident exercise of discretion for Special Term to have stayed the entry of judgment in this case (see *Valinoti v Valinoti,* 100 AD2d 904). ¶ In view of the nature of the marital property involved, the attendant difficulties in determining its value, as evinced by the wide disparity in the estimates proffered by each party, and the respective financial circumstances of the parties, Special Term did not err in awarding, *pendente lite,* a definite sum for accounting and appraisal services (see *Ahearn v Ahearn,* 94 AD2d 53). The matter of counsel fees is within the court's discretion to be controlled by the equities and circumstances of each particular case (*Matsuo v Matsuo,* 92 AD2d 710, 711). Based on the record in the present case, we find no abuse of discretion by Special Term in its award of counsel fees. ¶ We have considered plaintiff's remaining contentions and find them to be without merit. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.