■ MARIANNE KAHRS, Respondent, v JONATHAN KAHRS, Appellant, and LOUISE HARTWIG Respondent. — In an action for divorce, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Geiler, J.), dated July 3, 1984, as denied those branches of his motion which sought leave to amend his answer and for an order granting reverse partial summary judgment.

Order affirmed, insofar as appealed from, with costs.

In April 1983, the plaintiff wife sued for divorce, alleging adultery and cruel and inhuman treatment. Defendant's answer, in addition to denying acts of adultery and cruel and inhuman treatment, included a counterclaim for divorce on the ground of plaintiff's cruel and inhuman treatment, which plaintiff's reply denied. The note of issue was filed on January 13, 1984.

By notice of motion dated April 13, 1984, defendant moved to amend his answer to the extent of admitting plaintiff's allegations of his cruel and inhuman treatment, and for an order granting reverse partial summary judgment to plaintiff on that cause of action. Three days later, on April 16, 1984, plaintiff's counsel served on defendant's counsel a document entitled "VERIFIED NOTICE OF WITHDRAWAL OF COMPLAINT" wherein plaintiff further stated that she "reaffirms her defenses to the verified counterclaim". In her opposing affidavit at Special Term, she stated that she "withdrew her complaint and does not want a divorce * * * in the event that the defendant * * * does want a divorce, he may proceed with his separate action [*sic*] for such relief * * * He has lost no rights, nor is he prejudiced by the withdrawal of my complaint".

On July 3, 1984 Special Term denied those branches of defendant's motion which sought to amend his answer and for an order granting reverse partial summary judgment. Special Term cited *Stella v Stella* (92 AD2d 589), which had held that it would be against public policy to force a divorce by means of reverse summary judgment upon the nonmoving spouse who does not want a divorce. Defendant appeals.

On August 5, 1984, while this case was in the appellate process, CPLR 3212 (e), relating to partial summary judgment, was amended (L 1984, ch 827) to provide that "[i]n a matrimonial action summary judgment may not be granted in favor of the non-moving party". The amendatory statute declared that it was to "take effect immediately". A further amendment adopted the same day declared that the application of Laws of 1984 (ch 827) should be determined in accordance with the provisions of CPLR 10003. That statute states: "§ 10003. Pending and subsequent proceedings. This act shall apply to all actions hereafter commenced. This act shall also apply to all further proceedings in pending actions, except to the extent that the court determines that application in a particular pending action would not be feasible or would work injustice, in which event the former procedure applies".

The amendatory statutes are an indication of a strong public policy resulting from the perceived inequity of granting a divorce, by means of reverse summary judgment, before urgent financial issues had been determined. CPLR 10003 makes it clear that the amendatory statute should apply in the instant case. Lazer, J. P., Thompson, O'Connor and Niehoff, JJ., concur.