■ MORRIS WALD, Respondent, v SYLVIA WALD, Appellant. (Action No. 1.) SYLVIA WALD, Appellant, v MORRIS WALD, Respondent. (Action No. 2.)—In action No. 2, a matrimonial action seeking a divorce and ancillary relief, the plaintiff wife appeals from (1) an order of the Supreme Court, Nassau County (Roberto, J.), dated June 25, 1984, which granted the defendant husband's motion for reverse partial summary judgment, and (2) an interlocutory judgment of divorce of the same court entered pursuant to the aforesaid order on August 6, 1984; and in action No. 1, an action for a divorce in which relief was denied to the plaintiff husband but the defendant wife was awarded alimony, the wife appeals from so much of an order of the same court, dated March 6, 1985, as denied that branch of her motion which was for leave to enter a money judgment against the husband for accrued arrears in alimony.

Appeal from the order dated June 25, 1984 dismissed, without costs or disbursements (see, Matter of Aho, 39 NY2d 241, 248).

Interlocutory judgment entered August 6, 1984 affirmed, without costs or disbursements.

Order dated March 6, 1985 reversed, insofar as appealed from on the law, without costs or disbursements, and matter remitted to Special Term for further proceedings in accordance herewith.

Initially, we address the husband's contention that the appeal of the wife from the interlocutory judgment of divorce, entered August 6, 1984, must be dismissed because a party in whose favor reverse partial summary judgment is granted is not aggrieved thereby. In Leeds v Leeds (60 NY2d 641), the Court of Appeals dismissed an appeal by the plaintiff wife from an order of this court which reversed an order of Special Term and granted the defendant husband's motion for reverse partial summary judgment in the wife's favor (Leeds v Leeds, 94 AD2d 788, revg 114 Misc 2d 555). The Court of Appeals held that a nonmoving party in whose favor reverse partial summary judgment had been awarded was not aggrieved thereby and, therefore, was not a permissible appellant (CPLR 5511). Following Leeds, we continued to recognize the viability of reverse partial summary judgment as a remedy in matrimo-

nial actions upon presentation of adequate proof, and we held that, in a divorce action, the nonmoving plaintiff in whose favor partial summary judgment had been granted was not aggrieved and could not appeal from the order granting the motion or the interlocutory judgment made thereon *(Tucker v Tucker,* 97 AD2d 461; *see also, Miller v Miller,* 98 AD2d 987). Although we have entertained appeals by the moving party in instances where his or her motion for reverse partial summary judgment had been granted but Special Term had stayed entry of the interlocutory judgment of divorce pending disposition of the ancillary issues in the action *(see, e.g., Ritz v Ritz,* 103 AD2d 802; *Valinoti v Valinoti,* 100 AD2d 904), in no case have we entertained an appeal by the nonmoving party from the order granting reverse partial summary judgment in his or her favor.

This case, however, presents additional factors which lead us to conclude that the wife is aggrieved by the interlocutory judgment of divorce and can maintain the instant appeal. Subsequent to *Leeds (supra),* the Legislature amended CPLR 3212 (e) to prohibit the granting of summary judgment in favor of the nonmoving party in matrimonial actions (L 1984, ch 827). According to the memorandum of the Office of Court Administration filed in conjunction with that bill, the Advisory Committee on Civil Practice had found that the legislation was necessary to prevent the procedural inequities attendant to the entry of "a judgment of divorce being granted prematurely before urgent issues of alimony, support and equitable distribution of property have been disposed of * * * often result[ing] in economic prejudice to the plaintiff" (mem of Office of Court Administration, 1984 McKinney's Session Laws of NY, at 3887). Moreover, upon approving the amendment to CPLR 3212 (e), the Governor stated that its purpose was to "eliminate the unfair advantages flowing from reverse summary judgment motions" (Governor's approval mem, L 1984, chs 827, 828, 1984 McKinney's Session Laws of NY, at 3642). Thus, "[t]he amendatory statutes are an indication of a strong public policy resulting from the perceived inequity of granting a divorce, by means of reverse summary judgment, before urgent financial issues [have] been determined" *(Kahrs v Kahrs,* 111 AD2d 370, 371).

The amendment became effective on August 5, 1984 (L 1984, ch 827, § 2), but its application is to be determined in accordance with CPLR 10003 *(see,* L 1984, ch 828), which indicates, in effect, that the new amendment shall apply in a pending action, except where a court determines that its application in

such an action would not be feasible or would work injustice, in which case, the former procedure shall apply. We have held that the new statute was applicable in a case which was in the appellate process at the time of its enactment *(Kahrs v Kahrs, supra)*. Moreover, the determination that the wife was aggrieved by the entry of the interlocutory judgment of divorce in her favor, by reason of the newly enacted statute, is consonant with the general rule that an appellate court shall determine an appeal in accordance with the law as it exists at the time the appeal is decided and not as it existed at the time of the determination from which the appeal was taken *(see, e.g., Matter of Alscot Investing Corp. v Board of Trustees,* 64 NY2d 921, *affg* 99 AD2d 754).

In the instant case, the bifurcated manner in which the wife has been accorded the relief she sought is precisely the type of potentially inequitable and prejudicial procedure which, in most instances, the remedial legislation was intended to proscribe. In view of the recognition by the legislative and executive branches of the potential for prejudice inherent in the granting of a divorce only and the severing of economic and other ancillary issues for subsequent disposition, we conclude that, under the circumstances presented in this case, the wife was aggrieved by the interlocutory judgment of divorce and may properly prosecute an appeal therefrom.

Addressing the merits, we conclude that Special Term properly granted the motion of the husband for reverse partial summary judgment in his wife's favor in action No. 2. As we have noted, at the time that motion was made and determined, reverse partial summary judgment in matrimonial actions was a valid legal remedy where adequate proof was presented *(see, Rauch v Rauch,* 91 AD2d 407). The perceived inequities to the nonmoving spouse which the amendatory statute was intended to remedy are not present in this case. Quite to the contrary, legislative objectives will be promoted, as the interlocutory judgment of divorce may provide incentive for the wife to proceed expeditiously on the remaining issues, since the record indicates that she employed dilatory tactics which have postponed the resolution of the action, instituted over five years ago *(see,* mem of Office of Court Administration, 1984 McKinney's Session Laws of NY, at 3887). Furthermore, prejudice to the husband was avoided by the granting of his motion *(see,* CPLR 10003), insofar as he was spared additional legal fees, which would have been onerous in light of his recent retirement, and, as Special Term indicated, after having lived apart from his wife for over 9½

years, he should no longer be inextricably bound to a dead marriage *(see, Turek v Turek,* 123 Misc 2d 284; *see also, Santora v Santora,* 89 AD2d 767).

The wife urges on appeal that the entry of the interlocutory judgment of divorce in her favor should have been stayed; however, she has failed to articulate any prejudice which has inured to her by reason of its entry *(see, Nemet v Nemet,* 99 AD2d 828, *appeal dismissed* 62 NY2d 777). Her economic rights have been adequately safeguarded by Special Term's stay of the disposition of any marital assets and the granting of a trial preference *(see, Valinoti v Valinoti,* 100 AD2d 904, *supra; Rauch v Rauch, supra).* Therefore, Special Term properly permitted entry of the interlocutory judgment of divorce.

In action No. 1 the wife moved, *inter alia,* for leave to enter a money judgment against her husband for alimony arrears which had accrued pursuant to a 1978 judgment, as modified by this court *(Wald v Wald,* 70 AD2d 936), which dismissed for failure of proof a prior divorce action instituted by the husband and awarded her $450 per week in alimony. The arrears in question had accrued under the 1978 judgment in action No. 1 after the entry of the interlocutory judgment in action No. 2. Special Term denied the branch of the wife's motion which sought leave to enter a money judgment for arrears in alimony, concluding that the prior judgment merged into the interlocutory judgment of divorce, thereby extinguishing the husband's obligation for payment thereunder. We disagree. While the principle of merger is typically applied where a final judgment of divorce, determining all the rights and obligations of the spouse, is rendered, thereby extinguishing the obligations imposed by a prior order of support *(cf. Polizotti v Polizotti,* 305 NY 176; *Aronson v Aronson,* 29 AD2d 732), that is not the case herein. A prior judgment denying a divorce but awarding alimony *(see,* Domestic Relations Law § 236 [A] [1]) is not merged into an interlocutory judgment of divorce, which only addresses itself to the marital "res" or status of the parties *(cf.* Rothenberg, Matrimonial Allowances in New York § 71 [rev ed]) and which effectively severs all ancillary issues for resolution at trial *(see, e.g., Rauch v Rauch, supra).* Accordingly, the wife's motion for leave to enter a judgment for accrued arrears in alimony is remitted to Special Term for determination. Mangano, J. P., Thompson, Bracken and Brown, JJ., concur.