■ MARLA FRIDMAN, Appellant, v NATHAN FRIDMAN, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her notice of appeal and brief, (1) from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered December 4, 1984, as (a) upon reargument, adhered to its original determination in an order dated August 21, 1984, which granted the defendant husband's motion for reverse partial summary judgment, and (b) determined that the defendant had not waived his right to an examination before trial of the plaintiff, and (2) from a judgment of divorce of the same court, entered December 5, 1984.

Appeal from the order entered December 4, 1984 dismissed, without costs or disbursements. So much of the order as adhered to the original determination granting the defendant husband's motion for reverse partial summary judgment is not appealable since a judgment has been entered thereon *(see, Matter of Aho,* 39 NY2d 241, 248). On oral argument, the parties stipulated to withdraw the balance of the appeal from the order with respect to examinations before trial since discovery had already been completed, thus rendering that part of the appeal moot.

Judgment reversed, on the law and facts, without costs or disbursements, and so much of the order entered December 4, 1984, as adhered to the original determination in an order dated August 21, 1984, which granted the defendant's motion for reverse partial summary judgment, and so much of the order dated August 21, 1984 as granted the defendant's motion for reverse partial summary judgment vacated, and said motion denied.

Special Term granted the defendant husband's motion for reverse partial summary judgment subsequent to the enactment of CPLR 3212 (e), which proscribes such relief in matrimonial actions. The amendatory statutes do, however, vest the courts with discretion to avoid injustice or an unfeasable result by invoking the former procedure in a particular instance (CPLR 10003; *see, Wald v Wald,* 119 AD2d 569; *Hinden*

*v Hinden,* 119 AD2d 547). However, in light of the strong policy considerations underlying the enactment of the amendatory statutes, which seek to prevent inequity and economic hardship to the nonmoving spouse *(see, Hinden v Hinden, supra; Kahrs v Kahrs,* 111 AD2d 370), and the absence of prejudice to the defendant, it is clear that under the facts of this case the defendant's motion should have been denied. Lazer, J. P., Niehoff, Kooper and Spatt, JJ., concur.