■ FRANK A. BASILE, Appellant, v TERESA BASILE, Respondent. (Action No. 1.) B & L SERVICE STATION INC. et al., Appellants, v TERESA BASILE et al., Respondents. (Action No. 2.)—In an action for a divorce and ancillary relief (action No. 1) and in an action, *inter alia,* to declare null and void a deed to certain real property from the defendant Teresa Basile to defendant Erhal Holding Corp. and to impose a constructive trust on said property (action No. 2), the plaintiff husband Frank Basile appeals from a judgment of the Supreme Court, Westchester County (Beisner, J.), dated August 27, 1984, which, *inter alia,* granted a divorce to the defendant wife Teresa Basile, awarded him only $7,500 in full satisfaction of his interest in the former marital residence, and awarded counsel fees to the defendant, and the plaintiffs B & L Service Station Inc. and Frank Basile appeal in action No. 2 from a judgment of the same court, also dated August 27, 1984, which, *inter alia,* dismissed their complaint in action No. 2, after a joint trial of the two actions.

Judgment in action No. 1 modified, on the law, by (1) deleting the third decretal paragraph thereof which awarded the plaintiff $7,500 in full satisfaction of his interest in the former marital residence, and substituting therefor a provision awarding him the sum of $15,000 in full satisfaction of that interest, (2) deleting the fourth decretal paragraph thereof which awarded the defendant counsel fees in the sum of $12,906.85, and substituting therefor a provision denying her application for counsel fees, and (3) deleting the fifth decretal paragraph thereof, which provided for payment by the plaintiff to the defendant of the balance due and owing for counsel fees, less the plaintiff's distributive award in the sum of $7,500. As so modified, judgment affirmed, without costs or disbursements.

Judgment in action No. 2 affirmed, without costs or disbursements.

We find that in action No. 1, the court properly sustained the defendant Teresa Basile's counterclaim for divorce on the ground of cruel and inhuman treatment *(see, Forcucci v Forcucci,* 96 AD2d 751; *see also, Smith v Smith,* 273 NY 380, 383). The trial court erred, however, in awarding the plaintiff in action No. 1 only $7,500 in full satisfaction of his interest in the former marital residence. The plaintiff had provided the entire down payment of $15,000 for the purchase of that residence, which occurred prior to the marriage between the parties. In light of the subsequent transfer of the residence from the plaintiff to the defendant, we find that the plaintiff should have been awarded the sum of $15,000, representing his interest in the former marital residence.

Furthermore, in view of the fact that the defendant wife had and was to retain possession and ownership of the former marital residence as well as ownership of a service station formerly owned by the plaintiff husband which was the subject of action No. 2, the defendant wife demonstrated no need for an award of counsel fees. "The matter of counsel fees is within the court's discretion to be controlled by the equities and circumstances of each particular case" *(Ritz v Ritz,* 103 AD2d 802). We find that an award of counsel fees to the defendant wife was improper under the circumstances of the instant action.

Finally, we affirm the dismissal of the complaint in action No. 2. Trial Term correctly ruled that the plaintiffs failed to sustain their burden of proof. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.