MURIEL KLEPPER, Appellant, v LAWRENCE R. KLEPPER, Respondent.

Fourth Department, November 10, 1986

### APPEARANCES OF COUNSEL

*Jaeckle, Fleischmann & Mugel (Stephen B. Hughes, Albert R. Mugel* and *Mitchell J. Banas, Jr.,* of counsel), for appellant.

*Pauley & Barney (Raymond J. Pauley* of counsel), for respondent.

### OPINION OF THE COURT

GREEN, J.

In this matrimonial action, the plaintiff wife filed for divorce on the grounds of cruel and inhuman treatment and abandonment. The defendant husband admitted the allegations of fault in his answer and subsequently moved for reverse partial summary judgment. Special Term granted defendant's motion, awarded a judgment of absolute divorce to the plaintiff, and referred ancillary issues to a trial court. This appeal by plaintiff presents two issues. Is a nonmoving party, in whose favor reverse partial summary judgment in a matrimonial action has been granted, an aggrieved party entitled to appeal as of right and, if so, may the award of reverse partial summary judgment be affirmed, notwithstanding the prohibition of such relief by a recent amendment to CPLR 3212 (e)? We hold that plaintiff has a right to appeal, but that the appeal lacks merit because application of the amendment would not be feasible and would work injustice in this case (CPLR 10003).

The facts are not in dispute and may be stated briefly. Plaintiff and defendant were married in 1957. In 1983, plaintiff commenced a divorce action alleging defendant's cruelty and abandonment based, in part, upon defendant's relationship with another woman which caused plaintiff humiliation and mental anguish. In his answer, defendant admits the allegations in plaintiff's complaint and defendant makes no counterclaim for divorce.

In January 1984, defendant moved for reverse partial summary judgment requesting that plaintiff be granted a divorce on the grounds alleged in her complaint. Plaintiff opposed the motion and cross-moved for various relief, including a stay of defendant's motion pending trial, exclusive possession of the marital residence, and temporary maintenance and counsel

fees. Special Term granted defendant's motion and also granted part of plaintiff's motion by awarding her temporary maintenance of $1,500 per month and temporary counsel fees of $10,000. In addition the court continued in effect a prior order, entered in November 1983, which enjoined defendant from disposing of his corporate stock. The order resolving the motion and a judgment granting absolute divorce to the plaintiff was entered June 18, 1984. Plaintiff served her notice of appeal the same day. This court denied plaintiff's application for a stay pending appeal.

Effective August 5, 1984, the Legislature amended CPLR 3212 (e) to provide that "[i]n a matrimonial action summary judgment may not be granted in favor of the non-moving party" (L 1984, ch 827, § 1).

On February 14, 1985, defendant remarried. At this time, plaintiff had not yet perfected her appeal. In February 1986, another year having passed without plaintiff perfecting the appeal, defendant moved to dismiss the appeal, contending that the appeal had been dormant for 19 months and noted that a bifurcated trial of the divorce action was set to commence on March 3, 1986. This court denied the motion on the condition that plaintiff file the records and briefs by May 1986. Although not part of the record on this appeal, counsel informed this court at oral argument that the divorce action and ancillary issues were tried fully in March 1986. The trial court has not issued its decision and, presumably, is awaiting the resolution of this appeal.

Initially, we address the husband's contention that the wife's appeal must be dismissed because the Court of Appeals has held that a party in whose favor reverse partial summary judgment in a matrimonial action is granted is not aggrieved (*Leeds v Leeds*, 94 AD2d 788, *appeal dismissed* 60 NY2d 641). The *Leeds* rationale is that a spouse should not be heard to complain when she is granted the very relief she requested in her complaint, namely, a divorce (*see, Miller v Miller*, 98 AD2d 987; *Tucker v Tucker*, 97 AD2d 461). *Leeds* was decided, however, almost a year before the effective date of the amendment to CPLR 3212 (e) barring reverse partial summary judgment in matrimonial actions.

As the memorandum in support of the legislation indicates, the amendment was passed to prohibit the very relief from which *Leeds* held there was no right to appeal. Senator Barclay, a sponsor of the legislation, stated that "[t]his legisla-

tion would remedy the current inequity by requiring that issues pertaining to property[,] maintenance, child support and custody be resolved prior to the granting of a reverse partial summary judgment" (1984 NY Legis Ann, at 273). Governor Cuomo, upon signing the bill, stated "I believe that this measure will eliminate the unfair advantages flowing from reverse summary judgment motions, discourage delay and promote a full and fair resolution of all the issues in a matrimonial action in a manner consistent with the legislative intent of the Domestic Relations Law" (1984 NY Legis Ann, at 274). One commentator has stated that one of the wrongs the amendment intended to curtail included the bifurcation of matrimonial actions in which resolution of financial and related issues could be postponed indefinitely, providing no incentive to the defendant spouse to resolve the ancillary issues without a trial (see, Cohen, *The Case for a 'Good' Divorce Bill*, NYLJ, June 11, 1984, p 2, col 3).

On this appeal, plaintiff argues that it is precisely for these reasons that Special Term's grant of reverse summary judgment should be overturned. She claims that she believed an action for divorce was the only practical remedy to enable her to obtain equitable distribution and that the grant of reverse summary judgment placed her in a disadvantageous bargaining position with respect to settling all ancillary issues by a negotiated agreement. Since the amendment prohibits the very relief defendant received by the order on appeal, it would be incongruous to deny plaintiff the right to appeal and the opportunity to claim the benefit of the statute (see, *Wald v Wald*, 119 AD2d 569; see also, CPLR 5701 [a] [2] [v]).

The second question presented on this appeal is whether the amendment to CPLR 3212 (e), which took effect two months after the order on appeal was entered, should be applied retroactively. We are guided by two principles. First, an appellate court should determine an appeal in accordance with the law as it exists at the time the appeal is decided and not as it existed at the time of the determination from which the appeal is taken (see generally, 4 NY Jur 2d, Appellate Review, § 400; see also, *Asman v Ambach*, 64 NY2d 989, 990; *Matter of Alscot Investing Corp. v Board of Trustees*, 64 NY2d 921, affg 99 AD2d 754; *Strauss v University of State of N. Y.*, 2 NY2d 464; *McCandless v McCandless*, 38 AD2d 171, 172). Second, CPLR 10003 provides that the amendment shall apply to "further proceedings in pending actions, except to the extent that the court determines that application in a particu-

lar pending action would not be feasible or would work injustice, in which event the former procedure applies." At the time the amendment to CPLR 3212 (e) became effective, plaintiff had filed her notice of appeal and, therefore, the action was "pending" within the meaning of CPLR 10003 *(see, Robinson v Robbins Dry Dock & Repair Co.,* 238 NY 271, 281; *Kugel v Telsey,* 250 App Div 638).*

Although the amendment may apply retroactively, we decline to do so here because it "would not be feasible" and "would work injustice" (CPLR 10003). We note that at the time Special Term decided the motion, reverse partial summary judgment in a matrimonial action was a valid legal remedy. The perceived inequities to the nonmoving spouse which the amendment to CPLR 3212 (e) was *intended to* remedy are not present here. Plaintiff's financial needs have been adequately protected by the order on appeal. She has been granted substantial temporary maintenance ($1,500 per month) and interim counsel fees ($10,000), and Special Term continued in effect a prior order which enjoined defendant from transferring or otherwise disposing of his corporate stock, valued in excess of $2,000,000, which is the primary marital property subject to equitable distribution. Moreover, the fact that defendant has remarried is a significant reason to conclude that undoing the divorce granted by the court's reverse partial summary judgment is not feasible within the meaning of CPLR 10003 *(see,* Siegel, 1984 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3213:29, 1986 Supp Pamph, p 190).

We also cannot ignore the fact that the trial of the divorce action and all ancillary issues was held six months ago and is now awaiting the trial court's decision. We are also informed that during the trial plaintiff testified in support of the fault grounds alleged in her complaint as well as issues relating to equitable distribution. Thus, the legislative concern in enacting the amendment, namely, that reverse partial summary judgment would unnecessarily delay resolution of equitable

---

* One respected commentator has suggested that "CPLR 10003 indicates *that the amendment should apply only to 'further' proceedings in pending actions, and the divorce is a past proceeding"* (Siegel, 1984 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:29, 1986 Supp Pamph, p 190). *It is clear from Professor Siegel's analysis, however, that he was not addressing the situation we have here where the grant of reverse partial summary judgment of divorce is subject to review as part of a pending appeal.*

distribution and related financial issues, is not present in this matter. For all these reasons, we conclude that the amendment to CPLR 3212 (e) barring reverse summary judgment in matrimonial actions should not apply to the circumstances here presented *(see, Wald v Wald, supra).*

Accordingly, the order granting defendant's motion for reverse partial summary judgment should be affirmed.

DILLON, P. J., CALLAHAN, DENMAN and LAWTON, JJ., concur.

Order unanimously affirmed, without costs.