■ GUNDARIS PONE, Respondent, v KAREN L. PONE, Appellant.—Casey, J. Appeal from an order of the Supreme Court (Torraca, J.), entered September 15, 1986 in Ulster County, which denied defendant's motion to dismiss the complaint for failure to state a cause of action.

Defendant contends that plaintiff's complaint, which seeks a divorce based upon cruel and inhuman treatment (Domestic Relations Law § 170 [1]), fails to state a cause of action. We agree.

In *Hessen v Hessen* (33 NY2d 406), the Court of Appeals held that a plaintiff seeking a divorce based upon cruel and inhuman treatment must show serious misconduct, not mere incompatability, and that a higher degree of proof is required in the case of a long-term marriage. The court reaffirmed this holding in *Brady v Brady* (64 NY2d 339, 345) based upon "the commonsense notion that the conduct which a plaintiff alleges as the basis for a cause of action must be viewed in the context of the entire marriage, including its duration, in deciding whether particular actions can properly be labeled as cruel and inhuman".

Plaintiff's complaint alleges that during the past four years of their 25-year marriage, defendant has been "cold, calculating and loveless", and has shown plaintiff "no personal affection or emotion". The complaint further alleges that due to the "extreme tension" caused by defendant's behavior, plaintiff has been unable to engage in his occupation as a musical composer, conductor and professor. Accepting these allegations as true for the purpose of the motion to dismiss, we are of the view that they fall far short of meeting the heavy burden imposed upon plaintiff to "show a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe

or improper" *(Brady v Brady, supra,* at 343; *see, O'Connell v O'Connell,* 116 AD2d 823, 824).

In response to defendant's motion to dismiss, plaintiff submitted an affidavit expanding upon the allegations in the complaint to show that he has a cause of action *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633), but these allegations also fall short of the type of serious misconduct required for a divorce based upon cruel and inhuman treatment. At best, plaintiff's allegations establish a basis for his dissatisfaction with the marriage and for a belief that the marriage is "dead". Defendant's motion to dismiss the complaint for failure to state a cause of action should have been granted.

Order reversed, on the law, with costs, motion granted and complaint dismissed. Mahoney, P J., Kane, Main, Casey and Levine, JJ., concur.