■ KAREN PONE, Appellant, v GUNDARIS PONE, Respondent. —Levine, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered June 27, 1990 in Ulster County, which granted defendant's motion to award plaintiff a divorce.

Plaintiff and defendant were married in October 1961. In April 1986, defendant commenced a prior divorce action against plaintiff which was ultimately dismissed by this court for failure to state a cause of action *(Pone v Pone,* 129 AD2d 957). The instant action was then commenced by plaintiff in April 1989. Following an initial adjournment, the parties appeared before Supreme Court with their respective counsel in March 1990, at which time plaintiff's counsel requested another adjournment. Although Supreme Court denied that request and orally dismissed the action based upon plaintiff's failure to proceed, the court subsequently withdrew that decision and adjourned the matter to allow defendant to make a motion.

Shortly thereafter, defendant moved for an order awarding plaintiff a judgment of divorce. Notably, defendant's motion papers did not label the motion as one for summary judgment pursuant to CPLR 3212. Plaintiff opposed the motion claiming, *inter alia,* that it was actually a motion for reverse summary

judgment, prohibited in matrimonial actions by CPLR 3212 (e). Supreme Court then granted plaintiff a judgment of divorce and ordered that all other issues, including equitable distribution, be resolved at trial. This appeal by plaintiff followed.

We reverse. CPLR 3212 (e) provides that summary judgment may not be granted in favor of the nonmoving party in a matrimonial action. This statutory prohibition against reverse summary judgment, precluding either party to a divorce action from moving for judgment in favor of the other party, was designed to remove the potential prejudice resulting to a nonmoving party when the entry of a judgment of divorce precedes the resolution of ancillary issues such as maintenance, support and equitable distribution *(see,* Governor's Mem, 1984 McKinney's Session Laws of NY, at 3641-3642; *Wald v Wald,* 119 AD2d 569, 570; *see also,* Siegel, 1984 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:29 [1991 Supp Pamph], at 225). The record in this case reveals that defendant's motion was essentially one for reverse summary judgment and that, in granting that motion and awarding a judgment of divorce in plaintiff's favor, Supreme Court effected the precise outcome the statute was intended to prevent. We note that, unlike Supreme Court, we are not persuaded that its disposition is distinguishable from reverse summary judgment merely because defendant withdrew his answer prior to the time of his motion.

Having concluded that Supreme Court improperly granted reverse summary judgment, we reject defendant's contention that plaintiff is not an aggrieved party. It is our view that in amending CPLR 3212 (e) to preclude reverse summary judgment in matrimonial actions (L 1984, ch 827), the Legislature implicitly conferred standing to appeal on the nonmoving party. Clearly, "[s]ince the amendment prohibits the very relief defendant received [here], it would be incongruous to deny plaintiff the right to appeal and the opportunity to claim the benefit of the statute" *(Klepper v Klepper,* 120 AD2d 154, 157; *see, Wald v Wald, supra,* at 571). Defendant's reliance on authority to the contrary *(see, e.g., Nemia v Nemia,* 63 NY2d 855; *Leeds v Leeds,* 94 AD2d 788, *appeal dismissed* 60 NY2d 641) is misplaced, as such cases were decided prior to the effective date of the 1984 amendment to CPLR 3212 (e) and, thus, are inapplicable.

Judgment reversed, on the law, with costs, and motion denied. Mikoll, J. P., Yesawich, Jr., Levine, Mercure and Crew III, JJ., concur.