■ RUTH B. DENAPOLI, Respondent, v THOMAS L. DENAPOLI, Appellant. [722 NYS2d 746] —In a matrimonial action in which the parties were divorced by judgment entered October 15, 1998, the defendant appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated August 6, 1999, which directed him to pay the plaintiff an attorney's fee in the sum of $50,000 and to pay 60% of the outstanding expert fees.

Ordered that the order is affirmed, with costs.

The issue of counsel fees is controlled by the equities and circumstances of each particular case (*see, Basile v Basile,* 122 AD2d 759), and the court must consider the respective financial positions of the parties in determining whether an award is

appropriate (*see, Borakove v Borakove,* 116 AD2d 683). The fact that the plaintiff has assets is not, by itself, a basis to deny a request for counsel fees, as she "need not establish indigency as a prerequisite to an award of counsel fees" (*Lenczycki v Lenczycki,* 152 AD2d 621, 624-625). In view of the disparity in the income and resources of the parties (*see, Denholz v Denholz,* 147 AD2d 522), the court providently exercised its discretion in directing the defendant to pay an attorney's fee in the sum of $50,000.

The defendant's remaining contention is without merit. Bracken, P. J., Goldstein, H. Miller and Feuerstein, JJ., concur.