Appeal from an order of the Supreme Court, Monroe County (Thomas M. Van Strydonck, J.), entered September 18, 2012. The order, among other things, denied the motion of defendant for partial summary judgment seeking dismissal of the first cause of action.
It is hereby ordered that the order insofar as appealed from is reversed on the law without costs, the motion is granted and the first cause of action is dismissed.
Memorandum: Plaintiffs commenced this negligence and medical malpractice action seeking damages for injuries sustained by Frederick Ingutti (plaintiff) when he left defendant hospital against medical advice and was found approximately two hours later by the police, disoriented and with frostbitten fingers that required partial amputation. We conclude that Supreme Court erred in denying defendant’s motion for partial summary judgment seeking dismissal of the first cause of action. In that cause of action, plaintiffs alleged that defendant was negligent in failing to prevent plaintiff from leaving the hospital and in failing to ensure plaintiffs safety when he left the hospital inasmuch as defendant’s staff did not contact plaintiffs wife or make arrangements for someone to pick him up. We agree with defendant that, pursuant to Kowalski v St. Francis Hosp. & Health Ctrs. (21 NY3d 480, 484-485 [2013]), which was decided after the court rendered its decision (see generally Gurnee v Aetna Life & Cas. Co., 55 NY2d 184, 191 [1982], *1303 rearg denied 56 NY2d 567 [1982], cert denied 459 US 837 [1982]; Matter of Elsa R. [Gloria R.], 101 AD3d 1688, 1688-1689 [2012], lv denied 20 NY3d 862 [2013]; Klepper v Klepper, 120 AD2d 154, 157 [1986]), it did not have a duty to prevent plaintiff from leaving the hospital against medical advice. We further agree with defendant that it did not have the concomitant duty to ensure plaintiffs safe return home (see Kowalski, 21 NY3d at 484-485).
We disagree with our dissenting colleagues that Kowalski does not apply to the facts of this case because plaintiff herein was admitted to the hospital, whereas the plaintiff in Kowalski was not. Indeed, we note that the Court began its analysis by stating that “[t]here are surely few principles more basic than that the members of a free society may, with limited exceptions, come and go as they please” (id. at 485). The Court also stated that “[t]o restrain plaintiff on these facts would have exposed defendants to liability for false imprisonment” (id. at 486). We conclude that those statements also apply to the facts here. Although plaintiff had been admitted to the hospital for medical treatment, there is no statute or principle of common law that would permit the hospital to force plaintiff to remain in the hospital when he decided to leave (see id. at 486). We further conclude that the dissent’s reliance on Horton v Niagara Falls Mem. Med. Ctr. (51 AD2d 152, 154 [1976], lv denied 39 NY2d 709 [1976]) and Papa v Brunswick Gen. Hosp. (132 AD2d 601, 603 [1987]) is misplaced inasmuch as the issue in those cases was the scope of a hospital’s duty to a patient while the patient was in its care in the hospital. Those cases did not hold that the hospital had a duty to prevent the patient from leaving the hospital and, under Kowalski, there is no such duty.
All concur except Sconiers and Whalen, JJ., who dissent and vote to affirm in the following memorandum.